## LUCAS, TURNER & CO. v. PAYNE & DEWEY.

Where the complaint charged that A was indebted to plaintiff, and had conveyed his property to B, to be disposed of for his benefit, and had drawn an order in favor of plaintiff, on B, who had accepted it, and further charged that B had subsequently reconveyed a portion of the property to A, without consideration, praying that B be compelled to execute the trust in favor of plaintiff: *Held*, that A was a proper and necessary party to the action.

The order of A on B, is not void by the Statute of Frauds. The conveyance by the former to the latter was a sufficient consideration to support their promise.

By the acceptance of the order they became liable to the plaintiffs as trustees, which liability they could not escape by a subsequent fraudulent transfer of the trust property.

A defendant or plaintiff cannot testify in behalf of his co-defendants or plaintiffs.

In construing statutes, the rule is that general words are controlled by specific exceptions.

APPEAL from the District Court of the Twelfth Judicial District, County of San Francisco.

Lucas, Turner & Co., the plaintiffs in the Court below, filed a bill against Payne & Dewey and B. F. Moulton, in order to compel Payne & Dewey to perform and execute a trust in favor of complainants, created in the following manner: Benjamin F. Moulton, on the 24th of January, 1854, conveyed to Theodore Payne one of the firm of Payne & Dewey, real estate auctioneers, several parcels of real estate in the city of San Francisco, to be sold by them for and on account of said Moulton; that the value of such real estate was about seventeen thousand dollars; that afterwards the said Moulton drew on Payne & Dewey the following order, which was accepted by them:

"SAN FRANCISCO, January 24, 1854.

"*Messrs. Theodore Payne & Co*—Will please pay to Lucas, Turner & Co. the proceeds of the sale of certain real estate deeded to you this day to be sold on my account.

"BENJ. F. MOULTON."

"Accepted: THEO. PAYNE & Co."

That at the time of giving the said order, Moulton's debt to plaintiffs exceeded the sum of sixteen thousand dollars, and the object of this assignment, order, and acceptance, was to secure this debt. That Payne & Dewey re-conveyed to Moulton, without consideration, a portion of the premises of the value of ten thousand dollars, and had sold to other parties various parcels for two thousand six hundred and fifty dollars. Defendants demurred to the complaint on the ground of misjoinder of parties and of causes of action. Demurrer overruled, and defendants answered. In the course of the trial in the Court below, Payne & Dewey called their co-defendant, B. F. Moulton, and offered him as a witness on their behalf; but his testimony was held to be inadmissible. The Court below rendered a decree in favor of plaintiffs and against Payne & Dewey for the amount of their claim against Moulton, from which judgment, and from the order of the Court refusing a new trial, defendants appealed.

*Charles H. S. Williams and S. H. Dwinelle* for Appellants.

The Court erred in overruling the defendants' demurrer.

There is a misjoinder of causes of action and of parties, and the complaint is therefore multifarious.

It is not "a defect of parties," but different causes of action against different parties, are joined; so far as Payne & Dewey are concerned, the bill is rendered multifarious, by joining Moulton with them, even if a good cause of action is stated against him by himself, and it is a sufficient statement of the improper joinder of Moulton, to say that the complaint is multifarious. It is an assignment of a ground of demurrer, in legal langauge.

The Court erred in rejecting the testimony of Moulton on behalf of the other and only real defendants.

By section 391 of the Practice Act, "All persons, without exception, otherwise than is specified in this chapter, may be witness in any action."

By section 391, "No person shall be excluded on account of his interest in the event of the action or proceeding, except in the following cases:

"1st. When he is a party to the action," etc.

The first-cited section makes all persons admissible, with the exceptions mentioned.

If the witness offered is interested, his interest shall exclude him.

7

1st. If he is a party.

There is no provision that being a party merely, without reference to his interest, shall disqualify him. The object of the statute is not to add to, but remove disqualifications, which it accomplishes by providing that all persons, except, etc., may be witnesses.

The policy of legislation and judicial decision in modern times is to remove restrictions upon the admission of witnesses, and let all questions of interest, etc., go to their credit. And this policy, in many cases, extends to parties.

Moreover, such an agreement as is claimed by plaintiff is void by the Statute of Frauds.

1st. Promise to pay debts of third persons.

2d. An expressly agreed trust, not expressed in the deed or instrument.

The case is simply this: The plaintiffs have a large debt against an insolvent man. They obtain from him an order for whatever balance he has in Payne & Dewey's hands. The plaintiffs do not advance anything for the order, nor give Payne & Dewey anything for accepting it. They retain all their claim against Moulton, and now seek to compel Payne & Dewey to pay them money, which they do not pretend that they, Payne & Dewey, have received, but which must be an entire loss to them, in order to pay a bad debt due the plaintiffs, and this, because they parted with property in discharge of a lien on it to twice its value; and to accomplish this object, the aid of a Court of Equity is invoked. It is an ingenious experiment to make out of Payne & Dewey this desperate debt, but it has neither law, nor legal or natural equity, to sustain it.

*Baldwin & Bowman* for Respondents.

1. The demurrer was properly overruled. The amended complaint shows a good cause of action, and presents the facts in three different counts, which answer to every possible aspect in which the facts constituting the cause of action can be regarded. It shows a debt due from Moulton to the plaintiffs; a conveyance of valuable property to Payne & Dewey, by him, to secure that debt, and an assignment of the proceeds thereafter to be realized from the sale of the same property; and at the same time, and as a part of the same transaction, an order from Moulton, on Payne & Dewey, in favor of the plaintiffs, to pay the proceeds to them, which order was accepted by Payne & Dewey.

2. The order and acceptance cannot be regarded as within the Statute of Frauds. The order is in writing, and is accepted in writing. It is supported by a good consideration. Moulton owes Lucas, Turner & Co. a debt; he is in failing circumstances, and they are pressing him to pay; he has no money, but has property out of which he may realize in a few days; he bar-

gains with Payne & Dewey, auctioneers, to put his property in the market and sell it, and to apply the proceeds to the payment of his debt. And, to make the matter satisfactory to his creditors, he makes a deed of the property to Payne & Dewey; and, at the same time, and as a part of the same transaction, he draws his order on Payne & Dewey, in favor of Lucas, Turner & Co., who present it to Payne & Dewey, and they write "Accepted" on it and sign it. The consideration, as between Lucas, Turner & Co. and Moulton, is Moulton's indebtedness; and the consideration as between Moulton and Payne & Dewey is the conveyance. In consideration of their accepting this order, he conveyed to them property of the value of seventeen thousand dollars. Surely, this is a sufficient consideration to support their promise to pay the proceeds to Lucas, Turner & Co.

3. Moulton was a proper party. He was the original debtor of the plaintiffs. After he had secured the debt by conveying the property and assigning the proceeds, he confederated with his co-defendants, and got back most of the property, of the value of fifteen thousand dollars, and defrauded the plaintiffs out of their security; and he was properly in Court to answer to the charge. He had an interest in, and was an acting party in the whole business, from first to last. If he was not a proper party, the defendants should have demurred "for defect of parties." (Sec. 40, Practice Act.)

4. Nor did the Court below err in refusing to allow Moulton to testify for Payne & Dewey.

Is a co-defendant, against whom fraud is charged, a competent witness in a Court of Equity, for a co-defendant? The answer is, no; and the reason is, that he is liable for costs, if nothing more. And, if Moulton's testimony would be of any value, it would tend to prevent a judgment against Payne & Dewey, which they might use in an action against him.

The Statute of Frauds has been relied on. But—First, it is not set up in the answer; Second, it does not appear that the agreement between Payne & Dewey and Moulton, to sell this land, was not in writing; Third, the assignment of the proceeds of sale, which paper referred to the real estate conveyed to Payne & Dewey by Moulton, deeded to be sold for Moulton's account, was in writing; Fourth, being a mere trust, it was not necessary to be in writing, any more than the assignment of a note, carrying a vendor's lien for the purchase of real estate; Fifth, the assignment was by the proceeds of sale, not of the land, and the trust connected with this was the legal title to the land, which the defendants must hold or dispose of to meet the trust.

No words are necessary to create a trust; anything so intended will do. (10 Conn., 243.) And where trustees have entered upon a trust, they cannot voluntarily divest themselves of the

trust, nor of the estate of the *cestui que trust.*　4 Johns. Ch. Rep., 136.

As to trusts, see 1 Story's Equity Jurisp., 602, title "Implied Trusts," § 1196; § 1231, p. 657; § 1148, p. 679; §§ 1250, 1254–1257, p. 693; §§ 1258–1264.

So a trustee is bound, by his implied obligation, to perform all those acts which are necessary and proper for complying with the agreement to execute the trust.　(§ 1269, p. 701.)

He is to keep trust property as his own.　(§ 1270, p. 702.)

"To act, in regard to the trust, with reasonable diligence." (§ 1275.)

Murray, C. J., delivered the opinion of the Court—Terry, J., concurring.

The demurrer was properly overruled.　Moulton was indebted to the plaintiffs, and charged with combining to defraud them, and under the facts of the case he was a necessary party to a complete determination of the controversy.

The order of Moulton is not void by the Statute of Frauds.　The debt due to Lucas, Turner & Co., by Moulton, and the conveyance of his property to Payne & Dewey was a sufficient consideration on their part to support their promise.　By this transaction they became liable to the plaintiffs as trustees, and could not escape that liability by a subsequent fraudulent transfer of the property.　Moulton was an incompetent witness, therefore properly excluded.

The first subdivision of the three hundred and ninety-second section of the Practice Act expressly provides that a party to an action or proceeding shall be incompetent to testify.　The appellant contends that this subdivision is controlled by the first part of the section and the three hundred and ninety-third section, and that the only test is that of interest.

In construing statutes, the rule is, that general words are controlled by specific exceptions.　Chapter third of the Practice Act provides for several cases in which a party to the action may be called as a witness, but does not authorize a defendant or plaintiff to testify on behalf of his co-plaintiff or defendant.

The inference arising from this is irresistible, that the Legislature did not intend to authorize the practice contended for, and this inference is strengthened by the additional fact, that the law of 1850, contained a special provision, permitting a party to be called on behalf of his co-plaintiffs or defendants, which has been repealed by the present act.　Experience had shown that the rule was a premium upon perjury and fraud, and it was wisely abolished.

The Court did not err in refusing to dismiss, as to Moulton, as the plaintiffs had made out a *prima facie* case against him. The other assignments of error are not tenable.　The evidence

is amply sufficient to support the findings of the Court below, and the judgment must be affirmed.