## PERLBERG *et. al. v.* GORHAM, (SHERIFF.)

Where L., a commission merchant, sued out an attachment against H., and had certain goods seized as the property of H., but which were claimed by C., and L. gave the sheriff an indemnity-bond, which he accepted, and held the goods under the attachment, and subsequently sold the same to satisfy the attachment; C. brought suit against the sheriff for the value of the goods, the sheriff having released L. from all actions arising out of the seizure and sale of the goods, and having also released him after the commencement of the suit : *Held,* that L. was a competent witness in the suit of C. against the sheriff.

Where a partnership exists between two persons in the purchase of goods, and they subsequently bring suit to recover their value from a trespasser who has seized them : *Held,* that one partner is competent to execute a release in the name of himself and co-partner.

This Court will not disturb the instructions of the District Court to the jury, on the ground that there was no evidence upon which to base them, when there was some evidence, although it may have been slight.

APPEAL from the District Court of the Fourth Judicial District, County of San Francisco.

This was an action against a sheriff, for the seizure and sale of a stock of goods, possessed and claimed by plaintiffs, as their property.   The seizure was made under certain writs of attachment, at the suit of different creditors of the vendors of plaintiffs.

On the twelfth day of December, 1854, Makouski and Eisenberg, doing business under the firm-name of Makouski & Co., in the city of San Francisco, made a bill of sale of goods to Perlberg and Glazer, plaintiffs in this action. At the time of the sale, the firm of Makouski & Co. were indebted to Perlberg and Glazer, for money previously loaned, as follows : $1200 to Perlberg and $1350 to Glazer. These amounts, together with the sum of $1100, paid by Makouski & Co., constituted the consideration for the sale of the goods. There was an inventory of the goods annexed to the bill of sale. The goods were delivered by Makouski & Co., delivering to Perlberg and Glazer the keys of the store in which the goods were, and leaving it themselves. Two or three days after the sale, the goods were attached by the defendant, as sheriff of San Francisco county, at the suit of various creditors of Makouski & Co., who were insolvent, owing a large amount, and having no property liable to execution. Judgments were subsequently obtained in these suits, and the defendant sold the goods to satisfy the same, and this suit was brought to recover their value, alleged in the complaint to have been worth $5000. It was a jury trial.

On the trial, the defendant called, as a witness in his behalf, James T. Stewart, who was objected to by the plaintiff, on the ground of interest, and who, on his *voir dire*, testified as follows :

" Was one of the attaching-creditors of Makouski & Co.—that is, I got out an attachment, but was not a creditor. I was a commission-merchant, and selling these goods for another party, Pinchifer & Co. I considered it due to me as his assignee. I made out the bills in my own name. I gave bond to indemnify the sheriff, which was released ; was done just before the first taial ; was not to make me a witness. The principal reason was that I had no interest in it, and I insisted on being released. The money collected on the execution was paid over to me by the sheriff. I was released from the bond of indemnity about fifteen months before the last trial. I can not state the conversation which took place between the sheriff and me at the time of the release. I made the oath to procure the attachment. I also swore to the complaint. Pinchifer himself was in the city at the time I commenced the suit. I don't know why he did not make the affidavit himself. I have waived my commission on the sale of these goods."

The objection to this witness was overruled, and the witness testified, and plaintiff excepted.

Defendant then offered in evidence a sealed release from Glazer to Gorham, Stewart, and J. Guerin & Co., and each of them, (attaching-creditors,) from all actions and all causes of action, suits, etc., dated May 10, 1854 ; to the reading of which the plaintiff objected, on the ground that the release referred only to the individual demands held by Glazer, and could not extend to a

joint demand in favor of Glazer and Perlberg. The Court over-ruled plaintiff's objection, and the release was read in evidence. To which ruling plaintiff excepted. The defendant then offered in evidence another release from Perlberg and Glazer to the same parties, and dated May 10, 1854, releasing and discharging them, and each of them, their heirs, etc., from all actions, cause and causes of actions, suits, debts, etc., from the beginning of the world to the date of these presents. To the reading of which plaintiff objected, on the ground—

1. That Glazer had no authority to sign it for Perlberg. (The name of Perlberg was signed by Glazer.)

2. That no such release was set up in the answer.

The defendant then asked and obtained leave of the Court to amend his answer so as to cover this last-named release, and to withdraw the first release. The plaintiff excepted to the ruling of the Court, on the ground that it was irregular and improper to allow an amendment without an affidavit showing good cause therefor, and without notice, and after plaintiffs had closed their case.

A third release from Glazer & Co., to the same parties, was offered in evidence, and read, under objections of plaintiff's coun-sel. But the counsel subsequently stipulated that this third re-lease should not be considered as any part of the statement on appeal. All of the above-mentioned releases were established by the testimony of the witness Stewart.

After the close of the evidence, the Court gave to the jury cer-tain instructions, which appear in the opinion of the Court. Plaintiff had judgment, and the defendant appealed to this Court.

*H. P. Hepburn* for Appellants.

1. The Court erred in instructing the jury that if a partner-ship existed, Glazer had no authority to execute the release. See Pearson *v.* Hooker, 3 Johns. R., 68; Salmon *v.* Davis, 4 Bin-ney, 375; Emerson *v.* Krumer, 3 Pick., 63; Kliffin *v.* Willis, 4 Modern, 379; Hoffman *v.* Dunlop, 1 Barber R.

2. The Court erred in instructing the jury, that if Stewart procured the release from Glazer by fraud, the release was void. See the foregoing authorities, and particularly the case in 4 Bin-ney, 375.

*D. W. Perley* for Respondents.

1. The sale under which they claimed the property was fair, valid, and *bona fide*, and not made with a view to hinder, delay, or defraud creditors. The jury had these points fairly submitted to them, under the charges of the Court, and their finding is conclusive.

2. The testimony of Stewart, the sole witness for appellant,

should have been excluded by the Court, on the ground of interest.

*First*, because he was the principal attaching-creditor.

*Second*, because he had indemnified the sheriff to seize the property.

In reply to these objections, defendant tried to prove, by Stewart himself, that although he had attached the goods, that he only did so as a commission-merchant, and as agent of purchaser, and that the sheriff had released him from the bond of indemnity.

But no such release was produced, or proven, on the trial, and it could not be proven by parol, by one whose competency was challenged on the ground of interest.

In his answer to the last cross-interrogatory by plaintiff, he distinctly admitted that the facts sworn to by him in his affidavit to attach, were true.

He should have been excluded on both grounds.

But if he only acted as a factor, or commission-merchant, he still had a disqualifying interest. 5 Cal. Rep., 466, Shaw *v.* Davis.

3. If the evidence of Stewart is rejected, the defendant is left without any defence whatever. The releases were proven only by him. He was the sole witness for defendant. If he be excluded, of course the releases fall with the testimony.

4. Neither of the releases contained in the record can be of the least benefit or advantage to defendant.

There are several objections fatal to them both.

The objections to this release are :

1. That it was withdrawn by defendant, under direction of the Court, before he was allowed to set up or offer in evidence any other or different release.

2. It amounts to nothing, if it is considered properly in evidence, because it is only a release of all causes of actions accruing individually to Glazer, and does not extend to a joint action he had with Perlberg. It therefore can not affect this case. And this point was expressly decided by the Court in the case of Johnson *v.* Wright, 6 Cal. R., 373. See, also, on this point the following cases : Redding R. R. Co. *v.* Johnson, 7 Watts and Serg., 317 ; Atwood *v.* Munnings, 14 Eng. C. L. Rep., 131.

The objections to the second release are manifold :

1. No such release is pleaded.

The amended answer sets up a release, dated April 29, 1854, made by the partnership firm of A. Perlberg & Co.

The release offered in evidence is signed A. Perlberg and C. Glazer, and is dated May 10, 1854. There is, therefore, a fatal variance.

2. Glazer had no authority to sign the name of Perlberg to this release. The plaintiffs were joint owners.

BURNETT, J., delivered the opinion of the Court.

1. It is insisted, by the learned counsel of plaintiffs, that the errors alleged by defendant can not be reached, as they all depend upon the testimony of Stewart, a witness for defendant, and who was improperly admitted to testify, against the objection of plaintiffs. This position is correct, if it be true that Stewart was an incompetent witness for defendant. The witness was examined on his *voir dire*, and stated in substance that he was one of the attaching-creditors; that the suit was brought in his name, though the goods sold by him to the vendors of plaintiffs were not his property, he being only a commission merchant; and that he gave a bond of indemnity to the defendant, Gorham, which was released by defendant before the trial.

Stewart, not having been made a party to the suit, and having been released by Gorham, was a competent witness, he being neither a party to the suit or interested in its result. Lucas, Turner & Co. *v.* Paine & Dewey, (7 Cal., 92.) Whatever amount Gorham might have had to pay, he could have had no recourse upon Stewart. And if plaintiffs had been unable to enforce the collection of the judgment against Gorham, and had then sued Stewart, the result in Gorham's case could not have affected the suit against Stewart, he not being responsible to Gorham even for costs. The fact that the witness did not produce the release of Gorham to him, was no objection to the admission of his testimony, as the plaintiffs did not require its production at the time. The objection to the competency of the witness was general, and not specific, and could not, therefore, embrace this special ground. Had the plaintiffs required the production of the best evidence of the fact of release, then the witness might have produced the instrument.

2. It is also insisted, by the counsel of plaintiffs, that the third release of plaintiffs to Gorham and the attachment-creditors, should not have been admitted; and, if that be excluded, the errors assigned by defendant can not be reached.

We think the third release was properly admitted. And the subsequent stipulation, substituting the second for the third release, waived the variance between the second release and the answer.

3. We come now to consider the errors assigned by the defendant.

The Court gave this instruction to the jury: "That if a partnership existed between Perlberg and Glazer, in the purchase of the goods, this fact did not authorize Glazer to execute the said release in the name of Perlberg."

The release was executed in the names of A. Perlberg and C. Glazer, after this suit was instituted, and was under seal. The bill of sale of the goods was made to A. Perlberg and C. Glazer, and this suit was brought in their names.

In Collyer on Partnership, it is laid down that "the general rule of law, that one partner can not bind his co-partner by deed, though applicable, with the exceptions which have been mentioned, to every deed in the nature of a *grant,* yet does not extend to *releases.*" (§ 468.) And in section six hundred and thirty-six, it is said, "that if two partners commence an action, one may release the subject-matter of it." See, also, Pearson *v.* Hooker, (3 Johns. R., 68;) Salmon and Brown *v.* Davis, (4 Binney, 475,) and Emerson *v.* Knower, (8 Pick., 66.)

We think the Court below erred in giving this instruction.

4. The next error assigned by defendant is, that the Court charged the jury, "that if they believed, from the evidence, that Stewart procured the releases from Glazer fraudulently, and with the intent to defraud Perlberg, the releases were void."

It is insisted, by the counsel of the defendant, that there was no evidence upon which to base this instruction. The evidence was slight, but still there was some evidence, and this was enough to justify giving the instruction.

Judgment reversed, and cause remanded for further proceedings.

FIELD, J.—I concur in the judgment.