## PELBERG *et al.* v. GORHAM.

A COMPLAINT (where there is more than one plaintiff), in an action to recover damages for the alleged seizure of goods, which avers, that the defendant took and carried away "certain goods, chattels, and effects, of and belonging to the said plaintiffs," does not necessarily aver a joint ownership of the goods in the plaintiffs ; but would be sustained by proof that the plaintiffs owned the property as partners, or as tenants in common, and that their respective interests therein were very unequal.

Defendant, Gorham, as Sheriff, levied on goods claimed by the plaintiffs. After suit had been brought, one of the attaching creditors procured a release from one of the plaintiffs, executed in the name of both, of all actions and causes of action, etc. : *held*, that if this release was obtained by fraud, it was void, and the Sheriff could derive no advantage from it, although he was not implicated in, and knew nothing of the fraud.

In an action against a Sheriff for damages for the wrongful seizure of goods, the true measure of damages is, the value of the goods at the time of the taking.

APPEAL from the District Court, Fourth Judicial District, City and County of San Francisco.

The facts will be found fully reported in 10 Cal. 120. The plaintiffs recovered judgment in the Court below, and defendant appealed. On the trial, plaintiffs introduced evidence tending to show that plaintiff Glazier, who executed the release, had an interest in the goods only to the amount of thirteen hundred and fifty dollars ; and that Pelburg had an agreement with him, before the seizure of the goods by the Sheriff, that on payment of said amount to him, Pelberg should become the sole owner of the goods. Plaintiffs claimed that the release was a fraud on plaintiff Pelberg.

*Dwinelle & Hepburn*, for Appellants.

One coöwner has a right to transfer or release his interest in a joint property, whether it damages his coöwner or not. An inten-

tion to injure or defraud has nothing to do with the power of disposition. The release by Glazier to Gorham may have been a fraud on Pelberg, but it nevertheless sundered the joint right by releasing or passing the interest of Glazier the plaintiff, to Gorham the defendant. If the right of property in the goods had been in Glazier alone, and he had released to Gorham, it is plain that he could not recover; for the cause of action would have been extinguished, or passed from the plaintiff to the defendant. The same thing, in legal effect, exists in this case. The cause of action is joint, and in two; and both join in the action which only both can support. After suit is brought, one of the two plaintiffs and joint owners releases and transfers his part of the joint ownership to the defendant. This sunders the joint ownership, and makes the defendant a coöwner tenant, in common with the other plaintiffs; and in such a case, to permit a judgment to go against the defendant, for the value of the goods, is to permit a judgment to be recovered against him or a cause of action which he owns himself; and that is precisely what has happened here.

*D. W. Perley*, for Respondent.

CROCKER, J. delivered the opinion of the Court—NORTON, J. concurring.

This is an action to recover damages for an alleged seizure of goods claimed by Pelberg and Glazier, by the defendant, as Sheriff of the County of San Francisco. The defendant set up as a defense, that since the commencement of the suit, one of the plaintiffs, Glazier, had released the cause of action. This release, the plaintiff Pelberg contends, was made for the purpose of defrauding him. The case has been previously before this Court, and will be found reported in 10 Cal. 120.

On the trial, after the return of the *remittitur*, the defendant asked the Court to give the following instruction to the jury: " That the complaint in this action alleges that the plaintiffs were the joint owners of the goods in controversy, and that neither of the plaintiffs can deny said joint ownership, as far as this action is concerned." The Court refused to give it, and this is assigned as

error. The complaint alleges that the defendant took and carried away " certain goods, chattels, and effects, of and belonging to the said plaintiffs." Here is no direct averment of " joint ownership," as stated in the instruction. This averment would be sustained by proof that the plaintiffs owned the property as partners, part owners, or as tenants in common, and that their respective interests therein were very unequal. The evidence shows that the plaintiffs were tenants in common of the property, having very unequal interests therein; and therefore the release of Glazier could not affect the interests of Pelberg therein. The refusal of the Court to give this instruction was not erroneous, in view of the facts of the case.

The next error assigned is the refusal of the Court to give the following instruction asked for by the defendant: " Even if the jury should believe that the plaintiff Glazier, when he made the release, intended to defraud the plaintiff Pelberg, the release is nevertheless valid and sufficient to defeat this suit, provided the defendant, Gorham, was not a party to the fraud; in that event, the remedy of Pelberg would be a suit against Glazier." If this release was obtained by fraud, it is void, and could not be used for any purpose. But even if such was not the case, the defendant, Gorham, is not the real party interested in defending this action, as he acted in levying upon the goods for and on behalf of the attaching creditors, one of whom it appears procured the release from Glazier. The instruction, therefore, should have stated that those acting for and on behalf of Gorham, must be free of the fraud, as well as Gorham, to make it good, on the ground claimed by the appellant. Gorham could not claim any benefit from a paper procured by the fraud of another acting on his behalf. That a release, obtained by fraud under these circumstances, cannot operate as a bar to the action, is well settled. (*Eastman* v. *Wright*, 6 Pick. 323; *Loring* v. *Brackett*, 3 Id. 403.)

The last objection is, that the Court erred in charging the jury " that if they found for the plaintiff they would take the value of the goods to be the amount stated in the inventory." The evidence shows that the amount stated in the inventory referred to was the cost price of the goods; and it appears that the controversy between the parties on this point was, whether the value was to be taken at the inventory prices, or at the discount thereon at which they were

taken by the plaintiffs.  The plaintiffs were entitled to recover the full value of the goods, and they were not limited to the amount they paid for them.  It is evident, therefore, that the defendant suffered no injury by this instruction, as it was, in effect, a proper determination of this controverted question.  The amount at which the plaintiffs purchased the goods, was not the necessary criterion of their value, as is claimed by the defendant.  The instruction seems to have been given in this form, to answer this point raised by the defendant at the trial, and it was not necessarily erroneous.

The judgment is affirmed.