THOMAS A. GAY v. LEO HARDEMAN.

Neither at common law nor by any statute of this state is a parol reservation in the sale of a personal chattel a lien upon the thing sold.

A lien is an agreement between the seller and buyer, upon a consideration or price, either in cash or upon a stipulated credit and a delivery of the property. When so delivered, the sale is consummated and the right of property becomes absolute in the buyer, and the seller has no longer any more control over it than the rest of mankind.

In all such cases, to establish the lien, a party must have actual or constructive possession of the property; but as soon as he surrrenders that possession the lien is gone forever.

The last clause of the statute of frauds, as to the possession of chattels carrying the title, (Paschal's Dig., Art. 3876, Note 909,) is universal in its application to personal property.

APPEAL from Guadalupe. The case was tried before Hon. A. W. TERRELL, one of the district judges.

This was a suit instituted by appellee against one Means and the appellant, Gay, on a note executed by Means to W. P. Hardeman, and by him indorsed to the appellee. Judgment was sought on this note against Means, and, upon an allegation in the petition that the note was given by Means to W. P. Hardeman for a steam engine, boiler, fixtures, &c., and that, at the time of the execution of the note, a verbal lien on the property sold was expressly agreed upon between Means and W. P. Hardeman, and that the appellant had purchased the property afterwards from Means with notice of such agreement for a lien, it was sought to subject the property in the hands of appellant to sale for the satisfaction of the note.

Judgment by default was taken against Means, who made no defense.

The appellant answered, admitting that he had purchased the mill, &c., but denied all knowledge of any lien.

There was but one witness introduced, and he was relied upon to prove both the express agreement for the lien

between Means and W. P. Hardeman and notice of such lien to the appellant.

The evidence to prove the verbal understanding was objected to, because it was not competent to establish the lien alleged in the petition, and for the further reason that the evidence was not consistent with allegations in the petition. These objections were overruled, and a bill of exceptions was taken to the admission of the evidence. There were a verdict and judgment against both Means and Gay.

The court charged the jury, that if the note was given to secure the payment of the purchase-money for the mill, &c., it constituted a lien upon the property, and if Gay purchased with notice they would find for the defendants; that a lien could not exist upon personal property except by special contract, and that if a subsequent purchaser had notice of such contract he would be bound by the lien.

*Hancock & West,* for appellant.—I. Can a lien upon a personal chattel exist under the laws of Texas by express agreement in parol when the vendor surrenders the possession of the chattel at the time of sale?

We say "by express agreement in parol," because it is a universal principle of the common law, and one to which the statutes of Texas make no exception, that upon the sale and delivery of a personal chattel the vendor has no lien upon the specific personal property so sold for the payment of the purchase-money by implication or by operation of law. (2 Bouv. Law Dic., tit. LIEN, 47; Montague on Lien, ch. 1, p. 4; 2 Kent's Com., 639; Sayles' Treat., secs. 340, 360, p. 212.)

But we state it as a proposition axiomatic in its character that, whether the lien as to personalty arise by custom, usage, by operation of law, or is created by express agreement, in each case, as well where it is express as where it is implied, possession is essential to its existence. For a

full illustration of this principle, and for examples of liens by operation of law and of liens created by agreement, see 2 Kent's Com., marg. pp. 634, 640, Part 5, Lect. XLI.

We state, then, as a conclusion from the above, that the law as to liens on personal property is the same in this state as at common law, and that at common law no lien, whether it arose by express agreement or otherwise, existed by parol agreement after the surrender of the property, the common law furnishing the rule here where the statute is silent.   (Paschal's Dig., Art. 978.)

This is the general rule in the state, and the only exception to it is that created by our registry laws, which recognize (Paschal's Dig., Arts. 4674–4677, *et seq.*) that a lien may be created by mortgage on personal property duly recorded.

Judge BELL, in an able and interesting opinion in Grumbles v. Sneed, 22 Tex., 565 *et seq.*, in discussing the effect to be given to the latter clause of the second section of our act of January 18, 1840, (Paschal's Dig., Art. 3871,) for the prevention of frauds, which treats of loans on personal property, lays down the doctrine that such loan, to affect a purchaser, must not only be in writing, but must also be recorded, and that a mere verbal declaration of such loan will not affect a purchaser.  We think that the doctrine applies with more force to this case than to that of a loan, and the mere verbal assertions that such lien exists amount to nothing.  (See the concluding pages of the opinion above cited; see also Lott v. Bertrand, 26 Tex., 654.)

II.  When Means erected the mill upon his land it became part and parcel of the freehold, and the general rule of law is, that fixtures annexed to the freehold become part of the realty.  (2 Kent, sec. 35.)  This rule receives a liberal construction, as between landlord and tenant, in favor of the tenant, (1 Bouv. Law Dic., 529, *verbum* "FIXTURES,") and is most strictly construed, as between executor and heir in favor of the heir, and as between

vendor and vendee in favor of vendee, and so also as between mortgagor and mortgagee.

It follows then that, when the appellant purchased the real estate of Means, this mill and fixtures, which had become a part of the freehold, passed to him free of any claim that Hardeman held by parol, whether he had notice of it or not. It could not be levied upon and sold by itself, for it had ceased to have an existence independent of the freehold. It was no longer a personal chattel.

*John Ireland,* for the appellee.—It is submitted that the first eight assignments of error are too vague and indefinite to command the attention of the court. No. 9 is subject to the same objections, and the objection is not waived, but I will show that they (the charges referred to) are law. The three charges embraced two propositions, first, that a lien can be created on personal property by parol, and, second, that if there was such a lien, and Gay knew it before he consummated the trade, he would take the property incumbered.

The last charge is simply putting propositions in a negative way, and are really in the defendant's favor.

A third person does not take the property discharged of the lien until he pays the money. (2 Story's Eq., § 1228.)

At common law Hardeman's lien on the mill was gone when he parted with the possession. But can it be supposed that it was not competent for the parties to enlarge the rule, if I may so speak, and contract for the lien to remain after possession parted with by operation of law or by contract?

Now, if there is no principle of law violated by this contract between Means, will it be said that Gay is injured, when he was repeatedly warned before he purchased, that there was a lien? Parties having the legal capacity to contract have a right to make such stipulations between themselves as they see fit, provided they do not contravene the

law. (Jarvis v. Royes, 15 Mass., 397; see opinion of chief justice in same case, 416.)

We asked no judgment against Gay, nor did we obtain any; but, he having stopped the sale of the mill, we are entitled to an affirmance of the judgment against him and his sureties for the full amount of the moneyed demand against Means.

LINDSAY, J.—Upon a note executed for the purchase-money for a steam-engine, saw-mill, and fixtures, suit was instituted in the district court of Guadalupe county against the maker of the note and purchaser of the engine, &c., and upon an allegation in the petition that a lien in parol was retained upon the property by the seller at the time of the contract of sale, a subsequent purchaser from the original buyer, the appellant in this record, was made a party defendant, and that alleged lien sought to be enforced against the property in his hands.

The facts of the case are these: William Means, on the 26th of February, 1856, executed and delivered to William P. Hardeman the following note:

"$553.   One day after date I promise to pay William P. Hardeman or bearer five hundred and fifty-three dollars, with interest from the 1st of September last.   Value received.                          WILLIAM MEANS.

"FEBRUARY 26, 1856."

This note was indorsed—

"Pay Leo Hardeman.          WM. P. HARDEMAN."

At the spring term of the district court, 1859, the assignee brought suit upon this note, thus indorsed, against the obligor and the assignor, and against Thomas A. Gay, a subsequent purchaser of the steam-engine, saw-mill, and fixtures, which were charged to have been the consideration for the note, and alleging that said Gay had full notice at the time of his purchase that the seller of the steam-engine, saw-mill, and fixtures had retained a lien at the time of

sale upon the property for the purchase-money. The defendant, Gay, in his answer, denied all knowledge of any such lien, and insisted that he was a purchaser in good faith, for a valuable consideration, without notice. The two other defendants having failed to answer, judgment was taken against them by default, and the issue made by the answer of Gay was the sole issue on the trial of the cause. Upon this issue the finding of the jury was for the plaintiff, and the judgment of the court ordered a sale of the specific property to satisfy that judgment.

The proof conduced to show that Gay had some knowledge of the notes being executed for the purchase-money, and that it was not paid; at least he had this knowledge before he had made the payment on his purchase. But nothing appears to show that he had any knowledge of the existence of any lien, either express or implied, upon the property which he bought, nor is the court able to perceive from any proof in the record that any such lien existed.

It seems to have been considered by the district judge that a parol reservation in the sale of a personal chattel constituted a lien in law, even against third parties. We do not so understand the law. It was not so at the common law, nor is it so by any of the statutes of the state. Nor do we believe it is so by the statutes of any of the American states in the present enlightened period of the commercial policy of the world. What constitutes an actual sale of personal property? It is an agreement between the seller and the buyer upon the consideration or price, either in cash or upon a stipulated credit, and a delivery of the property. When so delivered, the sale is consummated and the right of property becomes absolute in the buyer, and the seller has no longer any more control over it than the rest of mankind. But it is pretended that at the time of the sale a lien was reserved or retained by the seller. This was impossible by the common law in regard to personal property, because an actual or constructive delivery was

necessary to effectuate a sale of personal property. And when this delivery took place the right of property was absolute in the buyer, and subject to any future alienations he might choose to make of it. In this respect there is an obvious distinction between real and personal property. The reason is, that the possession of real property is not evidence of title. But the possession of personal things is regarded in law as the strongest index of ownership. The court, too, seems to have totally misapprehended the nature and character of the liens upon personal property recognized by law.

There are various orders of liens. Though generally arising by operation of law, they may be created by express contract. As already intimated, they cannot arise upon a sale of personal property by express agreement, unless that agreement be reduced to writing, and is duly registered in the manner prescribed by law. There may be liens upon the personal property of another, when it is in the possession of the party for whose benefit the lien obtains. Such are the familiar examples of common carriers, inn-keepers, tradesmen, salvors from the perils of the sea, and in cases where a party holds property against a future contingent claim or damages. In all such cases, to establish the lien, a party must have actual or constructive possession of the property. But as soon as he surrenders that possession, the lien is gone forever. This principle, however, in liens upon real estate, for the reason already given, does not obtain. Hence the vendor's lien upon land for the unpaid purchase-money, no matter who may be in possession of it. This difference is founded on the obvious distinction in the nature, character, and uses of the two species of property. If, in addition to this reasoning upon the general principles of the law, legislative authority be wanting to give it sanction, it will be found in the last clause of the 2d section of the statute of frauds and fraudulent conveyances, (Paschal's Dig., Art. 3876,) which is in these

words: " When any reservation or limitation shall be pretended to have been made of a use or property, by way of condition, reversion, remainder, or otherwise, in goods and chattels, the possession whereof shall have remained in another, as aforesaid, the same shall be taken, as to the creditors and purchasers of the persons aforesaid, so remaining in possession, to be fraudulent within this act, and that the absolute property is with the possession, unless such loan, reservation, or limitation of use or property, were declared by will, or by deed in writing, proved and recorded as aforesaid." Thus, the principle is declared by statute to be universal, in reference to personal property, that possession is the true index of ownership, and is not to be contravened in the hands of a purchaser under that possession except in the manner pointed out by the statute.    We are therefore of opinion that the proof introduced in the court below to establish a lien upon the property sold by the plaintiff to Means; and by Means to Gay, the appellant in this cause, was wholly insufficient for that purpose.    But, on the contrary, it established the fact that no lien, recognized either in law or in equity, existed upon the property in the hands of the purchaser from the obligor in the note sued on.    Wherefore the judgment is reversed and remanded, with instructions to dismiss the suit as to the appellant, Thomas A. Gay.

ORDERED ACCORDINGLY.