[Civ. No. 4115. First Appellate District, Division Two.—March 1, 1922.]

## A. MEISTER & SONS CO. (a Corporation), Respondent, v. H. O. HARRISON et al., etc., Appellants.

[1] Conversion — Sale of Property of Third Party — Motor-bus Bodies Attached to Trucks—Amount of Liability to Owner.— Where a vendor of motor-trucks upon the vendee's default in his payments under his contract took possession of the trucks and also of the motor-bus bodies which the vendee had secured from a third party under a lease contract and had attached to the trucks, and thereafter refused to surrender such bodies to the third party and sold them on the trucks, such vendor is liable to the third party for the value of the bodies regardless of the amount paid thereon by the vendee or of the amount obtained on the resale.

[2] Id.—Subrogation—Tender.—The contention that the vendor of the motor-trucks should be subrogated to the rights of the vendee of the motor-bus bodies is without merit, since such vendor made no tender or offer to pay the balance due upon the purchase price of the bodies, but denied the owner's right thereto.

[3] Id.—Expense of Obtaining Possession—Reimbursement.—The vendee of the motor-bus bodies was not liable to the vendor of the trucks for any part of the expense in obtaining possession of the trucks, since the former was entitled to the possession of its property upon the vendee's default and the latter's dealings therewith was without right.

[4] Id.—Damages — Loss on Contract — Immateriality.—The loss sustained by the vendor of the trucks on the contract with the vendee is immaterial to the liability to the owner of the motor-bus bodies for their conversion.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. George H. Cabaniss, Judge. Affirmed.

The facts are stated in the opinion of the court.

Redman & Alexander for Appellants.

Charles B. Harris for Respondent.

LANGDON, P. J.—This is an appeal by the defendants from a judgment against them for $2,500 in an action

brought by plaintiff to recover two 23-passenger motor-bus bodies, or their value, alleged to be $3,000. The trial court found that the plaintiff was the owner of said motor-bus bodies and that the defendant had, on June 13, 1918, wrongfully taken possession of them; that plaintiff had demanded their return, which demand was refused; that plaintiff was entitled to be restored to the possession of said motor-bus bodies, or in the event that defendants were unable to deliver them to plaintiff, plaintiff was entitled to judgment for $2,500, said sum being the value of said articles of personal property. Judgment was given accordingly.

The facts are: Defendants, doing business in San Francisco, sold to one Hark, a resident of Reno, Nevada, two Republic motor-trucks. Hark secured from plaintiff the motor-bus bodies in controversy and had them attached to the trucks. In doing this, some minor alterations were made in the trucks, such as changing the location of the gasoline tanks, etc. The motor-bus bodies were secured by Hark under a lease contract with Meister & Sons Company. This contract recited the receipt of $1,000 by Meister & Sons Company, and provided for monthly payments of $166.67 until the sum of $3,000 should be paid by Hark. It also recited that no agreement of sale was to be implied until the payment of all the installments under the contract, and that upon default in any payment, Meister & Sons Company might, at its option, and without notice, terminate the agreement and, with or without legal process, take and retain said automobiles wherever situated and in the event of such termination of said contract, all money paid by Hark prior to such default should be compensation for the use of said automobiles prior to such default. Hark defaulted in the first payment due under the contract. Mr. Meister, the vice-president and superintendent of the plaintiff company, then directed his attorney to take possession of the motor-bus bodies. However, plaintiff had not recovered possession of the bodies in July, 1918, when defendants, through their attorneys, sought to recover possession of their trucks because of the default of Hark in his payments under his contract with them. Defendants took possession not only of their trucks, but of the motor-bus bodies attached thereto, and had the automobile busses sent from Reno, Nevada, to San Francisco, California. Plaintiff demanded its bus bodies and

offered to remove the same from the trucks and to place the trucks in the condition in which they were before the attachment of the bodies, but defendants refused to surrender the bodies and sold them on the trucks.

[1] Appellant complains that the judgment rendered is inequitable because the plaintiff has already been paid $1,000 on its bodies, which were to be sold for $3,000, and that by this judgment of $2,500 against the defendant, the plaintiff has gained $500 more than it would have if Hark had completed his contract. We cannot see that this matter has any relevancy in this action. The plaintiff had protected itself under its contract so that it was possible, in the event of Hark's default, for plaintiff to realize much more for the trucks than the price at which they were to be sold to Hark. For instance, if Hark had paid $2,500 of the $3,000 purchase price of the bodies and had then defaulted, plaintiff might have recovered possession of the bodies, and might, conceivably, have sold them for $2,000, or some other sum larger than the amount unpaid on the contract. Defendants are unconcerned with this phase of the matter. They had no right to sell this property which belonged to .plaintiff. They had notice of plaintiff's rights, and if they chose to sell property belonging to another, they must respond to the owner for its value, regardless of the price at which they may choose to sell it. (Sec. 667, Code Civ. Proc.; *Pelberg* v. *Gorham,* 23 Cal. 349, 352; *Faulkner* v. *First Nat. Bank,* 130 Cal. 258 [62 Pac. 463]; *De Thomas* v. *Witherby,* 61 Cal. 92, 97 [44 Am. Rep. 542]; *Burke* v. *Koch,* 75 Cal. 356 [17 Pac. 228]; *Hisler* v. *Carr,* 34 Cal. 644, 645; *Phillips* v. *Sutherland,* 2 Cal. Unrep. 241 [2 Pac. 32].) [2] We think there is no merit in the contention that defendants should be subrogated to the rights of the vendee Hark. The defendants were not even attaching creditors. But even if we were to concede that the defendants might have acquired the rights of Hark in his contract with the plaintiff by tendering the balance due upon the purchase price of the bodies to the vendor, defendants would be in no better position; for they made no tender or offer to pay the money due by Hark under the contract, but denied plaintiff's right to the bodies, and, as in the cases of *Morris* v. *Allen,* 17 Cal. App. 684 [121 Pac. 690], and *King* v. *Cline,* 49 Cal.

App. 696 [194 Pac. 290], defendants would be without right to subrogation for this reason alone, if for no other.

[3]    As to the claim that the plaintiff should have been charged with a part of the expense incurred by defendants in recovering the automobile busses, we see no merit in this point.    There is no evidence that the plaintiff would have been put to any expense in recovering its bodies.    Its contract provided that upon default it might retake the bodies with or without legal process.    If defendants had not taken possession of the bodies and sent them to San Francisco, without the consent of plaintiff, Hark might have surrendered them willingly to plaintiff.    The record is without proof on this question and defendants were without authority to recover the bodies for the plaintiff and were mere volunteers, even though we were to take the position, contrary to the facts, that the recovery was for the benefit of plaintiff.    Defendant, therefore, cannot recover for any expense incurred in securing possession of its trucks with plaintiff's bus bodies attached thereto.    (*Hisler* v. *Carr,* 34 Cal. 644.)    The bodies were attached to the trucks in a manner which permitted an easy separation, without damage to the trucks.    Plaintiff was entitled to the possession of its property upon Hark's default and the defendants were without right in their entire dealings with the plaintiff's property.    (*De Thomas* v. *Witherby,* 61 Cal. 98 [44 Am. Rep. 542].)

[4]    Appellants contend that they should have been permitted to show that they lost money on their contract with Hark for the sale of the trucks, despite the appropriation of plaintiff's property.    That is entirely immaterial in this action; defendants may not recoup their losses out of any possible advantage which plaintiff may have gained by reason of having made a more advantageous contract with Hark than defendants made.

The court has found that $2,500 was the value of the bodies taken by defendants.    This valuation is based upon testimony in the record, and there is no testimony showing a lesser value.

The judgment is affirmed.

Nourse, J., and Sturtevant, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 27, 1922.

All the Justices concurred, except Wilbur, J., who was absent.

Richards, J., *pro tem.*, was acting.