224

LINCOLN ROAD EQUIPMENT COMPANY, APPELLEE, V. C. M.
BOLTON: JOHN LAUTENSCHLAGER, APPELLANT.

FILED MAY 25, 1934. No. 28896.

*Kirkpatrick, Good & Dougherty,* for appellant.

*Sandall & Webster, contra.*

Heàrd before GOSS, C. J., ROSE, GOOD, EBERLY, DAY and
PAINE, JJ.

ROSE, J.

This action was commenced in the county court of York
county to recover by replevin what is called a "Caterpillar
Power Unit on Elevating Grader #K-146," the power unit
being a gasoline engine or motor. The Lincoln Road
Equipment Company, plaintiff, pleaded right of possession
of the unit by virtue of a note and duly registered chattel
mortgage for $300, a debt long since due and unpaid.
C. M. Bolton and John Lautenschlager are defendants. It
is alleged in the petition that Bolton executed the note
and secured it by a chattel mortgage on the unit; that the
entire debt with interest was due and unpaid October 10,
1931; that the mortgaged chattel was wrongfully detained
by Lautenschlager; that payment of the note and possession
of the unit were demanded and refused. Under petition,
affidavit, bond and writ, the sheriff seized the unit and

delivered it to plaintiff. On sufficient pleadings the county court decided the issues in favor of plaintiff. Lautenschlager, from whom possession had been taken, appealed to the district court, where a jury was waived and the cause tried on the pleadings filed in the county court, including Lautenschlager's plea of not guilty. The trial in the district court resulted in findings and judgment that plaintiff was entitled to possession of the unit; that Lautenschlager had wrongfully detained it; that plaintiff recover from him resulting damage of one cent. Lautenschlager appealed to the supreme court.

The principal argument for a reversal is directed to the proposition that the evidence is insufficient to sustain the judgment. Under this head it is contended that the "Caterpillar Power Unit" was annexed to, and by accession became a part of, the "Elevating Grader #K-146," upon which Lautenschlager had a chattel mortgage lien prior to that of the chattel mortgage upon which plaintiff relies. The point urged is that the unit was so annexed that it could not readily be identified and disconnected without injury to the entire road grading outfit. It is argued further that Bolton and plaintiff, without the knowledge or consent of Lautenschlager, detached the power take-off and installed in place of it the power unit, and thus destroyed the first lien thereon, unless it attaches to the accessory.

In determining the sufficiency of the evidence to sustain a judgment in an action at law, where the parties waive a jury, the trial court's finding is equivalent on appeal to a jury's verdict, which will not be set aside on issues of fact unless clearly wrong.

There is evidence tending to prove the following facts: The original grading equipment or outfit owned by Bolton consisted of a caterpillar tractor, a grader and a "power take-off" mounted on the grader. The tractor hauled the grader. The take-off was a mechanical device utilizing power from the tractor to operate an elevator by which loose earth was moved from a plow in the grading process. When Bolton was the owner of the entire original road-

grading equipment, he encumbered it and other similar equipment by a 5,000-dollar chattel mortgage in favor of Lautenschlager November 4, 1930. This mortgage was duly registered in York county November 5, 1930. In this situation, while Bolton was in possession and control of his grading outfit, he bought from plaintiff the gasoline engine or "One Power Unit to be attached to Elevating Grader #K-146," to be used in place of the take-off, giving the plaintiff a note for $300, and securing it by a chattel mortgage on the new power unit or engine alone. The 300-dollar mortgage was dated August 12, 1931, and duly registered in York county August 17, 1931. Pursuant to the contract, plaintiff removed the power take-off, bored holes in the frame of the grader and bolted thereon the new power unit or gasoline engine. Plaintiff did not take possession of the removed power take-off and the evidence does not disclose what became of it. It may be inferred from the circumstances that it was left with Bolton who then had possession and control of the entire original road equipment in Seward county at the time the change was made. There is evidence tending to prove the facts outlined.

While there is testimony that the boring of the holes in the frame of the grader would tend to weaken it, though not materially, there is also testimony that the removed take-off, if replaced, would operate the elevator as efficiently as it did before the change.

There is no doubt about the identity of the new unit or gasoline engine which Bolton bought from plaintiff and mortgaged. It was a separate chattel when sold. It was not welded to the grader mortgaged to Lautenschlager. It was disconnected by the removal of bolts. There is nothing to show that the sheriff had any difficulty in identifying and disconnecting it. Plaintiff had sold it to Bolton. They were contracting parties. Their intention to treat it as a separate chattel for the purpose of a lien, when Bolton was in possession and charge of it in Seward county, may be inferred from the sale of it and the execu-

tion and delivery of the chattel mortgage thereon. In the better view of the evidence it seems to sustain the findings of the trial court that plaintiff's chattel mortgage on the unit was valid; that the mortgaged unit did not merge in the grader; that Lautenschlager's mortgage did not attach to the unit and was not a lien thereon. In this view of the evidence in connection with the findings of the trial court, the decision on appeal is not controlled by the following rule of law:

"Where accessories become a component part of a chattel and so incorporated as to be incapable of separation without injury to the whole, they merge in the principal thing, and become the property of the owner of the chattel." *Motor Credit Co. v. Smith,* 181 Ark. 127. For other cases see note in 68 A. L. R. 1242 *et seq.*

AFFIRMED.