HAVAS USED CARS, INC., A NEVADA CORPORATION, APPELLANT, v. RAY LUNDY, DOING BUSINESS AS RAY LUNDY'S GARAGE, RESPONDENT.

No. 3801

November 22, 1954.                    276 P.2d 727.

*David Zenoff* and *Calvin C. Magleby,* both of Las Vegas, for Appellant.

*Hawkins & Cannon,* of Las Vegas, for Respondent.

## OPINION

By the Court, BADT, J.:

Where an automobile repairman has installed a rebuilt engine in a car at the request of a conditional sale vendee lawfully in possession, with the understanding that the repairman shall retain title to the engine and possession of the engine and car till payment of his bill, and the engine thus installed can be readily removed without damage to the other parts of the car, is such repairman entitled to remove the engine, or entitled to a judgment for its value, in a claim and delivery action brought by the conditional sale vendor upon the conditional vendee's default in payments?

We answer this question in the affirmative, as did the trial court, against the contention of the conditional sale vendor, plaintiff below and appellant here, that by reason of the doctrine of accession it became entitled to the new engine so united to the car as to constitute a part of the vehicle.

Plaintiff had sold a Hudson automobile under a conditional sale contract to one Grimes, who, without the knowledge or consent of plaintiff, delivered the car to defendant for installation of a new engine. On completion of the repairs, defendant retained possession of the car because of nonpayment of his bill. Plaintiff, learning that the car was in defendant's possession, demanded

possession by reason of Grimes' default. Defendant refused to deliver possession without first removing the new engine. Plaintiff then took the car under claim and delivery. The court found "that defendant retained title to said rebuilt engine and accessories installed in said automobile, and that they were defendant's property at the time said car was repossessed by the plaintiff in this action." It also found that the engine could be removed without material injury or damage to the automobile and enhanced the value thereof to the extent of $347.75, the value of the engine and parts; that the plaintiff, in repossessing the car with the new engine, converted the latter to his own use to defendant's damage in said sum; but disallowed defendant's claim for work and labor of installation of the reasonable value of $99.50, under our statutory provision that the lien therefor should be a secondary lien when the car is sold on a conditional sales contract. Sec. 3779.03, N.C.L. 1943–1949 Supp. See amendment, Stats. 1953, 377.

Appellant concedes that the trial court found a reservation of title to the engine by the defendant, but contends that, although there is a division of authority as to the effect of such reservation, the better view is that the same is not good as against a chattel mortgagee or a conditional seller of the principal property to which it is attached.[1] Cases cited in support of this view are for the most part distinguishable upon the facts, but if they may be said to indicate or imply a rule of law contrary to our conclusion in this case, such would not be in accord with the holding of this court in Clarke v. Johnson, 43 Nev. 359, 187 P. 510. There one Crumley had installed upon two trucks, for the contracting vendee, $339.40 repairs and $477 new tires. Under claim and delivery by the contracting vendor, the contracting vendee defaulted as in the present case. The trial court had found that the

[1]See Annotation 92 A.L.R. 425, "Law of accession as applied to automobiles," in which the author lists (a) cases holding property to pass by accession and (b) cases holding property not to pass by accession.

repairs item represented value that could not be removed from the trucks. This court, upon such finding, held that it was error to render judgment for the repairs item, but affirmed the judgment for the value of the tires. It is true that the court there construed a provision of the sale contract as a recognition that the tires were separable and severable distinct parts. This, however, does not weaken the court's rejection of the contention that the tires were accessions. The conclusion of separability and severability in Clarke v. Johnson may indeed have been aided by the terms of the contract. Here such conclusion is supported by the finding of the trial court based on undisputed evidence.

Under the trial court's finding of the retention of title to the engine by the defendant and the ready removability of the engine without damage to the car, neither of which findings is questioned, we are led to the conclusion, under Clarke v. Johnson, supra, that the engine did not become an accession. The distinction between the installation of a new set of tires and the installation of a new engine is, after all, one of degree only. The car could no more be operated without tires than it could without an engine. Each case in which the doctrine of accession is advanced must be decided on its own facts.

It should be noted that respondent's brief cites a dozen or more authorities in which Clarke v. Johnson has been cited with approval. As appellant had made no comment in this regard, we have not found it necessary to examine those cases. To like effect as Clarke v. Johnson is Atlas Assurance Co. v. Gibbs, 121 Conn. 188, 183 A. 690, 692, which also involved the installation of an engine claimed to have become part of the chassis by accession, although it was readily detachable without damage to the automobile. The court said: "If, as appears here, the engine can be readily detached from the car without damage to the rest of it, to permit the plaintiff to take the engine which lawfully belongs to the defendant would be to impose an unjust loss upon the latter and give to

the former an enhancement of value to which he is not entitled."

The judgment is affirmed with costs.

EATHER, C. J., and MERRILL, J., concur.