**TEXAS HYDRAULIC & EQUIPMENT COMPANY, Inc., Appellant,**

v.

**ASSOCIATES DISCOUNT CORPORATION, Appellee.**

No. 11489.

Court of Civil Appeals of Texas.

Austin.

March 29, 1967.

---

Gragg, Storey, Griffith & Gilmore, J. Willard Gragg, Dallas, for appellant.

Robert R. Cole, Dallas, Rogan B. Giles, Austin, for appellee.

PHILLIPS, Chief Justice.

Proceedings in the court below were instituted by Associates Discount Corporation, the appellee here, against one C. H. Lane and Texas Hydraulic & Equipment Company, Inc., the appellant, wherein suit was brought on a note for the principal sum of $19,763.65 and foreclosure on a chattel mortgage lien on a 1963 Mack dump truck. The note and chattel mortgage lien were executed by C. H. Lane, payable to the order of DEFCO Equipment Company, and thereafter subsequently transferred and assigned to appellee.

Lane is not a party to this appeal.

Appellant Texas Hydraulic & Equipment Co. filed its answer and cross-action against appellee and C. H. Lane asserting its ownership to a certain Daybrook dump body and hoist which appellant had sold to Lane and placed upon the truck in lieu of a damaged hoist and body. By its cross-action, appel-

lant sued Lane and appellee for the respective damages claimed against each seeking judgment against appellee for $1,500.00 by reason of its wrongful action in sequestering and taking possession from appellant of its hoist and body, said amount being the reasonable market value of the hoist and body.

Appellant, by a trial amendment filed in the court below, tendered and obligated itself to replace the damaged hoist and dump truck body on the truck at its own expense and asked in the alternative that in the event that it was not entitled to recover damages as alleged in its original action and cross-action, then appellant prayed that title and possession of the body and hoist that it had placed upon the truck should be awarded to appellant free and clear of any lien or claim by appellee.

Appellee, by supplemental petition, alleged that appellant, by making delivery of such dump body and hoist to Lane, relinquished any lien or title it had into such hoist and body and waived its lien and all rights thereto, and further alleged that the new bed and hoist became a part of its mortgaged truck.

Trial was to the court without a jury and judgment was rendered for appellee against Lane for $14,751.94 together with interest and costs of court, and judgment was rendered for appellee, jointly and severally, against Lane and appellant foreclosing its chattel mortgage lien against the 1963 model Mack dump truck and adjudging all costs against both Lane and appellant.

Judgment was also rendered that appellant take nothing against appellee by virtue of its cross-action against appellee and the cross-action against Lane was dismissed without prejudice, from which judgment appellant has perfected its appeal to this Court.

We affirm.

Appellant is before this Court on six points of error, the first being the error of the court in holding that its dump body

and hoist by attachment to the truck mortgaged to appellee, thereby became a part of such truck by accession and that appellee was entitled to foreclose its chattel mortgage and certificate of title lien on the truck, and also the hoist and body as a part thereof.

We overrule this point.

Basically this case presents two questions: namely, whether appellant had by some means either retained or regained ownership and title to the dump body and hoist; and whether appellant had some character of lien against the dump body and hoist.

Appellant contends that the dump body and hoist had not become a part of the truck by accession. In this connection he points to testimony to the effect that the body and hoist, although welded to the body of the truck, can be cut off with a torch, leaving no damage to the body. On the other hand, appellee calls our attention to testimony that the dump truck had a body or hoist at the time it was originally sold, that it was not a dump truck without a dump bed and that the new dump body had been welded, and in addition bolted, to the bed of the truck.

■ There was ample evidence for the trial court to find that the dump body and hoist had become part of the truck by accession. Since there were no findings of fact and conclusions of law requested in the trial court, and none was filed, we must presume that all fact issues were favorably found in support of the judgment.

In this connection appellant cites cases[1] to the effect that vendor of chattels installed on various vehicles can reacquire said chattels as against third parties where no damage would be done to the vehicle. It is not necessary to discuss these cases in detail as they are not in point. In each the vendor of the chattel in question had either retained title to the chattel or had some type of lien thereon to secure his debt. One additional case[2] cited presented a situation where a truck was mortgaged at a time when it had no truck bed. Here the court allowed the vendor of a bed subsequently installed on the truck to reacquire the bed from the mortgagee stating that in addition to the fact that the bed was not on the truck at the time of the mortgage, it was easily detachable by removing a few bolts and no damage would be done to the truck.

■ As a general rule where accessories are sold or furnished without effort on the part of the vendor to retain title, the accessories are permitted to pass with the chattel. 43 A.L.R.2d 819; Am.Jur.2d Vol. 1, p. 276–277, Accession.

■ Appellant's points of error numbers two, three, four and five, briefed together, are the error of the court in holding that the delivery of posession of the new dump body and hoist to Lane thereby deprived appellant of any right of title and possession or of any lien against its dump body and hoist placed upon the truck; in holding that appellee was entitled to foreclosure of its chattel mortgage against the hoist and dump body placed by appellant upon the truck mortgaged to appellee as a part of such truck; in denying and refusing to render judgment in favor of appellant for its damages occasioned by the conversion by appellee of the hoist and dump body; in holding and failing to render judgment in favor of appellant against appellee for the title and possession of the dump body and hoist placed by appellant upon the truck mortgaged to appellee.

We overrule these points.

It is undisputed that appellant, in making the transaction with C. H. Lane whereby the dump body and hoist were attached to

1. A. Meister & Sons v. Harrison, 56 Cal. App. 679, 206 P. 106; Havas Used Cars, Inc. v. Lundy, 70 Nev. 539, 276 P.2d 727; Lincoln Road Equipment Company v. Bolton, 127 Neb. 224, 254 N.W. 884.

2. Johnson v. Interstate Security Co., 152 Kan. 346, 103 P.2d 795.

the truck by welding, did not have any character of written contract with Lane, a chattel mortgage, or any other agreement which in any way purported to make the sale conditional. Nor was there any attempt to retain title to the dump body and hoist in appellant Texas Hydraulics.

Instead, the evidence given by appellant's own witness indicated that an absolute sale and transfer of the dump body and hoist was made at the time of delivery of the truck to Lane after the dump body and hoist had been welded on. Appellant had refused to release possession of the dump body and hoist until satisfactory arrangements had been made for their payment which clearly evidenced the fact that appellant was aware that delivery of the truck with the hoist and bed was a significant step in its transaction with Lane.

Upon being advised by appellant that he could not have the truck with the dump body and hoist until payment had been made, Lane informed appellant that he was expecting an insurance company to pay some money because of the damage done to the old dump body and hoist which had been removed. Appellant then made inquiry directly to the insurance company about its position, and upon receiving the promise from the insurance company that it would pay the money on the old dump body and hoist jointly to appellant and to Lane, appellant released possession of the truck, dump body and hoist to Lane and delivered the same to him, taking a delivery receipt.

Appellant relied on and accepted the promise of a third party (Waussau Mutual Insurance Company) for payment before making delivery of the truck, dump body and hoist to Lane, and that, coupled with delivery and the complete absence of any attempt by appellant to enter into a written conditional sales contract, or to retain a chattel mortgage lien on the chattels sold by it clearly indicate that appellant considered the sale to be complete at the time of delivery. See Gay v. Hardeman, 31 Tex. 245.

■ Vernon's Ann.Tex.Rev.Civ.Stat. art. 5503 provides for a lien to the garageman who makes repairs to the vehicle. But this lien is lost on voluntary delivery of the vehicle to the owner where no fraud in obtaining possession is involved. Also, by coming into the possession of the vehicle again after the original voluntary delivery, the garageman's lien is not revived. Caldwell v. Auto Sales & Supply Co., 158 S.W. 1030 (Tex.Civ.App. Austin 1913, no writ.).

■ Appellant's point of error number six is the error of the court in holding that appellee was entitled to foreclosure of its unrecorded chattel mortgage lien on the truck, new hoist and dump body placed thereon by appellant.

We overrule this point.

Appellant maintains that appellee instituted suit on a note secured by a chattel mortgage and attached a copy of such note and chattel mortgage as a part of its petition. Appellant argues that the pleading does not allege that the chattel mortgage was ever recorded, nor does it allege that appellant had notice of such chattel mortgage.

In Perkins v. Martel, 277 S.W.2d 741, (Tex.Civ.App. Beaumont 1955, no writ), the Court held that where automobile vendor's lien for the purchase price was noted on the certificate of title issued to the vendee, the mechanic, who subsequently repaired the automobile, had constructive notice of the lien and vendor's chattel mortgage lien was superior to the statutory lien of the mechanic even though not recorded. Also see Motor Truck Sales Co. v. Hauck, 388 S.W.2d 214 (Tex.Civ.App. San Antonio 1965, writ ref'd n. r. e.); Vernon's Ann. Tex.Pen. Code art. 1436–1, secs. 43–46.

The judgment of the trial court is affirmed.