[S. F. No. 1855. Department Two.—March 23, 1900.]

## LUNDY FURNITURE COMPANY, Appellant, v. JOHANNA WHITE et al., Respondents.

CONDITIONAL SALE—INSTRUMENT IN FORM OF LEASE, WITH AGREEMENT FOR BILL OF SALE.—An instrument in the form of a lease of personal property, and for the payment of rents till the amount paid equals the agreed value of the property, when a bill of sale is to be made and the transaction closed, and expressly reserving title in the vendor, with right to retake possession upon breach of its conditions, is a conditional sale, and not a lease. The nature of the instrument is to be determined, not by the name that it bears, but from a consideration of all of its terms, conditions, and covenants.

ID.—BREACH OF CONDITIONS—REPLEVIN—RIGHTS OF PURCHASER AND MORTGAGEE.—In case of a conditional sale, a purchaser who has broken the conditions upon which the sale was made can transfer no rights to a purchaser or mortgagee of the property conditionally sold, and the vendor may replevy the property from the possession of a purchaser and mortgagee of the vendee.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. J. C. B. Hebbard, Judge.

The facts are stated in the opinion of the court.

F. A. Berlin, for Appellant.

A chattel mortgage cannot be foreclosed in an action of replevin. (*Hocker v. Kelley*, 14 Cal. 164; *Van Winkle v. Stow*, 23 Cal. 458; *Porter v. Garrissino*, 51 Cal. 559.) The contract was one of conditional sale, and the plaintiff was entitled to recover against any transferee or mortgagee of the vendee who had broken the conditions of the contract, no matter how *bona fide* the transfer or mortgage may have been. (*Palmer v. Howard*, 72 Cal. 295; *Kohler v. Hayes*, 41 Cal. 455; *Hegler v. Eddy*, 53 Cal. 598; *Lowe v. Woods*, 100 Cal. 408; 38 Am. St. Rep. 301; *Holt Mfg. Co. v. Ewing*, 109 Cal. 353; *Rodgers v. Bachman*, 109 Cal. 552; *Van Allen v. Francis*, 123 Cal. 474; *Harkness v. Russell*, 118 U. S. 663; *Herryford v. Davis*, 102 U. S. 235.)

Denson, Oatman & Denson, for John H. Roberts, Intervenor, Respondent.

A *bona fide* purchaser from a vendee who has been vested with possession and visible rights of ownership should be protected, notwithstanding the parties may have agreed that title should remain in the vendor. (*Greer v. Church*, 13 Bush, 430, 434; *Wait v. Green*, 36 N. Y. 556; *Stadtfeld v. Huntsman*, 92 Pa. St. 53; 37 Am. Rep. 661; *Dias v. Chickering*, 64 Md. 348; 54 Am. Rep. 770; *Hall v. Hinks*, 21 Md. 406; *Vaughn v. Hopson*, 10 Bush, 337; *Patchin v. Biggerstaff*, 25 Mo. App. 534; *Parker v. Baxter*, 86 N. Y. 586; *Comer v. Cunningham*, 77 N. Y. 391; 33 Am. Rep. 626; *Forrest v. Nelson*, 108 Pa. St. 481; *Dearborn v. Raysor*, 132 Pa. St. 231.) The law does not favor secret transactions, as against *bona fide* purchasers or mortgagees. (*Stockton Savings etc. Soc. v. Purvis*, 112 Cal. 236; 53 Am. St. Rep. 210.)

George H. Perry, for Charles Levy & Co., Respondent.

W. W. Allen, for Sterling Furniture Co., Respondent.

HENSHAW, J.—This is an action of claim and delivery. The Lundy Furniture Company, under a written contract hereinafter to be considered, delivered certain goods to Johanna White. The defendants Charles Levy and Henry Meyer claimed as purchasers from Johanna White. John Roberts, the intervenor, claimed as assignee of a mortgage made by Johanna White to the defendants, Bier & Regensburger. The intervenor sought a foreclosure of his mortgage. The court rendered judgment in favor of the intervenor for the goods replevied by plaintiff, or for three hundred and seventy dollars found to be the value thereof, directed the foreclosure of his mortgage, and provided that after payment of the amount due on the mortgage the remainder should be paid to the defendants Levy & Co., as purchasers from Johanna White. The court thus determined that the transaction between the Lundy Furniture Company and Johanna White was an absolute sale of the personal property in question.

The written contract under which plaintiff delivered possession of the property to defendant Johanna White is designated a lease. The true construction of this instrument is the principal matter in controversy. By its terms the property was de-

livered to Johanna White at the monthly rent of forty dollars, payable upon the twenty-fifth day of each and every month, until the rents paid should aggregate the sum of eleven hundred and ninety-eight dollars and forty-five cents, which was agreed between the parties to be the value of the property. "And until the said sum has been fully paid the title to said property shall remain in the party of the first part, after which the party of the first part shall make a bill of sale of the same to the party of the second part." The instrument further provided for the prompt payment of rents, for the insurance of the property, and that the lessee would not remove it from her residence without the written consent of the furniture company.

It is quite true, and has been often said, that the name by which the parties designate their contract is not determinative of its nature. The calling of this agreement a lease did not make it such. Reference is to be had to the instrument itself, to a reading and consideration of all its terms, conditions, and covenants, to determine its true character. So considering it, we think there can be no doubt that the contract was one of conditional sale, with possession given to the vendee. The payments to be made monthly in installments, designated rent, were in fact nothing but partial payments. The title was to remain in plaintiff until the final payment was made, at which time a bill of sale was to be given to Johanna White, and the transaction thus closed. This court, in both departments, has so recently been called upon to consider the nature of such contracts, that it is unnecessary here to enter into an elaborate discussion of them. Suffice it to refer to the cases of *Van Allen v. Francis*, 123 Cal. 474, and *Perkins v. Mettler*, 126 Cal. 100.

The conclusion thus reached renders unnecessary the consideration of certain minor points as to the value of the property and the right of the court to decree a foreclosure in favor of the intervening assignee of the mortgagee.

For the foregoing reasons the judgment and order appealed from are reversed.

Temple, J., and McFarland, J., concurred.