[No. 2398]

# T. B. CLARKE, APPELLANT, v. JULIUS JOHNSON AND J. G. CRUMLEY, RESPONDENTS.

[187 Pac. 510]

1. REPLEVIN — COUNTER-CLAIM FOR REPAIRS AND REPLACEMENTS INSTALLED PERMISSIBLE.

In an action for claim and delivery, which would be replevin at common law, the property is the subject of the action, so that under the liberal provisions of the practice act as to counter-claims, in an action for possession of automobiles, a defendant, having caused repairs and replacements to be installed, could interpose a counter-claim therefor.

2. WORK AND LABOR—PLAINTIFF RECOVERING AUTOMOBILES IN REPAIRED CONDITION NOT LIABLE ON IMPLIED PROMISE TO DEFENDANT FURNISHING REPAIRS.

In an action by the seller in claim and delivery for recovery of automobiles, plaintiff is not liable as for a voluntary acceptance of services to the purchaser who had caused the machines to be repaired, since plaintiff in taking the machines had no choice but to accept them in their repaired condition, and there was no implied promise to pay for such services.

3. APPEAL AND ERROR—ERRONEOUS JUDGMENT CANNOT BE SUSTAINED ON A THEORY CONTRARY TO EXPRESS FINDING.

Where in replevin action by conditional seller against buyer for recovery of automobiles court erroneously found that seller was liable for repairs incorporated in the automobile on theory of acceptance of services, appellate court cannot sustain decision on theory that seller was liable on theory that transaction constituted a mortgage and mortgagor was entitled to use the automobiles, and that such created implied authority to incur expense of repairs.

4. ACCESSION—TIRES AND REPLACEMENTS UPON AUTOMOBILES SOLD UNDER CONDITIONAL CONTRACT NOT ACCESSIONS AS AGAINST THIRD PARTY FURNISHING THEM.

Since, under a conditional contract for sale of motor trucks, providing that any equipment, repairs, tires, or accessories placed upon the trucks during the continuance of the agreement should become a component part thereof and the title thereto should become vested in seller, tires and replacements were regarded by the parties as separable and severable and not accessions, upon seller's recovering possession of the trucks such equipment did not become the seller's property by accession, but remained the property of defendant, who had furnished, but not sold, them to the buyer.

APPEAL from Fifth Judicial District Court, Nye County; *Mark R. Averill*, Judge.

Action by T. B. Clarke against Julius Johnson and another.   Judgment for the plaintiff as against the

defendant Johnson, and against plaintiff in favor of defendant J. G. Crumley, from which and from an order denying a new trial upon defendant Crumley's cross-action the plaintiff appeals. **Judgment modified by reduction and affirmed.**

## STATEMENT OF FACTS

This is an action in claim and delivery to recover the possession of two motor trucks. At the commencement of the action the plaintiff took possession of the property under an act entitled "Claim and Delivery," and thereafter removed the property from the jurisdiction of the court.

The facts of the case are as follows:

On the 25th of July, 1917, the Leach-Frawley Motor Company of San Francisco, called the vendor, and Julius Johnson, styled the vendee, entered into a written contract, admitted to be a conditional sale agreement, whereby the motor company agreed to sell to Johnson, and Johnson agreed to purchase from the company, two G. M. C. motor trucks at the agreed price of $3,550 each, the terms of sale being $1,100 in cash upon the execution of the instrument, and the balance payable in monthly installments of $257.45 on each truck until the full purchase price had been paid, whereupon the seller agreed to execute and deliver to the purchaser a bill of sale of the property. The contract contains the usual covenants against loss and injury, conditions and remedies of the seller in case of default or breach on the part of the buyer. It was distinctly understood and agreed that the buyer would operate and control the trucks in accordance with the law, statutes, and ordinances relating to automobiles in the State of California, and the buyer would not take the property out of said state. It was also expressly provided that—

"The purchaser agrees that any equipment, tires or accessories of any character placed on said automobiles during the continuance of this agreement shall be and become a component part thereof and the title thereto

shall immediately become vested in said seller and be included under the terms of this agreement."

Upon the execution of the contract the trucks were delivered to Johnson on the receipt of his cash payment. Johnson made no further payment, other than one installment of $257.45, paid on or about the 27th of September, 1917. Johnson, after using the trucks in and about his business in California for several months, without notice to seller and without its assent, secretly and clandestinely took the trucks out of the State of California, as we are impressed with the evidence, with the intent to cheat and defraud the owner and its assigns out of the property. Johnson brought the trucks into Nevada, and left or abandoned them, temporarily at least, at Carson City, on or about October 20, 1917, until on or about November 28, 1917, whereupon the trucks were removed to Tonopah, Nevada. Johnson's arrival at that place preceded that of the trucks. Johnson in the interim had found employment in one of the mines in Tonopah. It appears that one J. G. Crumley, president of the Tonopah Sewer Company, and engaged in the real estate business at that place, had in contemplation the purchase of 300 cords of wood located about fifty miles distant from Tonopah, and, if some satisfactory arrangement could be found by which the wood could be transported to market in Tonopah, he would close a contract for its purchase. Crumley was informed of Johnson's having two trucks, and thereupon sought an introduction, as the result of which such negotiations were had between them as that it was agreed and understood that Crumley would bear the expense of bringing the trucks from Carson City to Tonopah, place upon the trucks the necessary repairs, equipment, and accessories to get them in good running condition, and Johnson and Crumley would close the deal for the purchase of the 300 cords of wood, and divide the profits arising from the enterprise, it being understood that Johnson would operate the trucks and Crumley would be reimbursed for all money expended in

getting the trucks in condition for the particular services out of the profits of the venture, and that the trucks during the performance of the contract would be under the control and direction of Crumley. When about twenty cords of wood had been hauled, plaintiff, on the 13th of December, 1917, after making diligent search for the whereabouts of Johnson and the trucks, located Johnson with the trucks at Tonopah. On being advised of the fact of Johnson's default and wrongdoing in violation of his contract, some propositions passed between Crumley and the plaintiff looking to a compromise of Crumley's alleged interest in the property. Thereafter this action was brought against Johnson and Crumley for the possession of the trucks. The complaint contains the usual averments incident to an action of this nature under the statute. Johnson, upon due service of summons, defaulted, and his default for failure to answer was entered, and at the time of trial of the action his whereabouts was unknown to either of the parties in interest. Crumley answered. After making certain admissions and denials of the averments of the complaint, for further answer and counter-claim against plaintiff's action he set up in detail a full history of his connection with the property, his dealings with his codefendant Johnson, and demanded judgment and decree for the specific enforcement of his wood-hauling contract with his codefendant, and, failing from any cause in obtaining this relief, demanded that he be adjudged to be the owner and entitled to the possession of two tires of the value of $441.80, six connecting-rod bearings worth $23.60, and clutch-facing of the value of $12, placed by Crumley upon the trucks, and that he be paid the sum of $339.40, the reasonable value of the moneys expended by him for mechanic's work and labor upon each of said trucks, and, in lieu of his failure to recover possession of the tires and parts as aforesaid, that he be adjudged the full value thereof, the cost of labor and repairs, aggregating the total sum of $816.40.

Plaintiff demurred to the answer and counter-claim,

upon the grounds that it did not state facts sufficient to constitute a counter-claim or defense, and that it did not state a cause of action against the plaintiff, and made a motion to strike it out, but the court overruled the demurrer and denied the motion. Thereupon plaintiff for a reply denied the new matter contained in the answer, and pleaded the breach of the conditions of the conditional sales contract in bar of Crumley's counter-claim. Upon the calling of the case for trial, plaintiff moved for judgment on the pleadings, which motion was overruled. Thereupon a trial was had before the court without a jury. The court decided that plaintiff was entitled to judgment against defendant Johnson for the possession of the trucks, except as to the tires and parts placed thereon by defendant Crumley, and the latter was entitled to a judgment for the return to him of the tires and parts so furnished, and the cost of work and labor performed upon each of the trucks. In accordance with its decision, the court rendered judgments, one against Johnson in favor of plaintiff, and against plaintiff in favor of Crumley. From the judgment in favor of Crumley, and from an order denying to plaintiff a new trial in Crumley's cross-action, the plaintiff appeals.

*Frank K. Pittman* and *H. B. M. Miller*, for Appellant:

The contracts were and are good and valid in law; title to the property was in the seller; rights of the seller were and are good, not only as against the buyer, but even against his creditors. Ann. Cas. 1916A, 332; Shaw v. Webb, 174 S. W. 273; Baughman v. Emanuel, 73 S. E. 511.

Any liens are subordinate to the right of the conditional vendor. Cardinal v. Edwards, 5 Nev. 37.

A buyer under a contract of conditional sale, by which the title remains in the seller until full payment, has no attachable interest in the property until he has fully complied with the condition relating to payment of the purchase price. Morris v. Allen, 121 Pac. 690; Dillon v. Grutt, 144 Pac. 741; Stats. 1917, p. 402.

*H. R. Cooke,* for Respondents:

The plaintiff's conditional sale agreement affirmatively shows that parties contemplated the trucks were to be put to work. Plaintiff impliedly authorized necessary repairs and accessories, and the party furnishing same is entitled to hold a lien and to recover the reasonable value of the equipment furnished. Watts v. Sweeney, 22 Am. St. Rep. 165; Tucker v. Werner, 21 N. Y. Supp. 264; Rappert v. Zang, 62 Atl. 998; Hammond v. Danielson, 126 Mass. 294. The common-law lien of a mechanic for repairs, under the special circumstances such as exist in the case at bar, where the parties contemplated the use of the property, may be superior to prior existing liens. 3 R. C. L. 56; Drummond C. Co. v. Mills, 69 Am. St. Rep. 719; Kirtley v. Morris, 43 Mo. App. 144.

There is a distinction between the effect of a common-law lien and the statutory lien of a mechanic. "The former, as a general rule, attaches to the property itself without any reference to ownership." Sullivan v. Clifton, 20 L. R. A. 719; Reeves v. Russel, 148 N. W. 654.

Respondent expressly reserved title to the tires and accessories placed on the trucks. Alley v. Adams, 44 Ala. 609.

Respondent had no notice or knowledge of conditional sale or of plaintiff's reserved title rights. Small v. Robinson, 31 Am. Rep. 299; Baughman Auto Co. v. Emanuel, 38 L. R. A. 97.

Detachable accessories do not become a part of personalty. 24 R. C. L. 455. The tires and equipment placed on the trucks by respondent could have been readily detached. Clarke v. Wells, 12 Am. Rep. 187.

By the Court, SANDERS, J., after stating the facts:

1. This is an action which at common law would have been called replevin. In an action of replevin the property is the subject of the action. Therefore, under the quite liberal provisions of the practice act (Rev. Laws, 5046–5052) as to counter-claims, and upon the authority

of Lapham v. Osborne, 20 Nev. 168, 18 Pac. 881, we are of the opinion that the demurrer interposed to the answer and counter-claim, the motion to strike it out, and the motion for judgment upon the pleadings were properly overruled and denied. It follows, therefore, that the court did not err in permitting respondent to testify as to how he happened to cause the repairs to be made and the replacements installed.

2. The case is divided by the trial court into two branches. One represents respondent's right to have judgment for the repairs item, and the other the respondent's right to the recovery of the possession of the tires and replacements or their value.

The court found that respondent was entitled to judgment for the repairs item because plaintiff took away the trucks, took respondent's tires and replacements, and took the benefit of the money he had expended to put them in condition for use, stating that they were bettered at Crumley's expense, and that if a man accept the benefit of another man's work and money he should pay for what he gets. It is fair to assume from this general statement taken from the court's opinion, read in connection with its decision as requested, that the court attempted to apply the rule of voluntary acceptance of services as creating a liability to pay the reasonable and fair value thereof. This rule applies, however, only where the party to whom the services are rendered is free to take their benefit or to reject it. If the services are of such nature as he has no choice but to accept them, he cannot be said to accept them voluntarily. Such acceptance, therefore, creates no liability. 2 Page on Contracts, sec. 776.

The court in its opinion states:

"What should be done about the repairs item presents more difficulty, because that amount represents value or property that cannot be removed from the trucks."

This is true. The repairs, at the time plaintiff took possession of the trucks, had gone into and become a constituent part of the property. In this situation the

owner had no alternative, no choice but to accept the services. This being the fact, there was no implied promise on the part of the owner to pay for the services, nor did the law create one. Riddell v. Ventilating Co., 27 Mont. 54, 69 Pac. 241.

Upon this branch of the case we conclude the court erred in rendering judgment in favor of respondent and against appellant for the amount of the repairs item, to wit, $339.40.

3. Counsel for the respondent insists that the judgment should be sustained upon the several grounds: First—That the transaction between the conditional vendor and vendee was in its essence a mortgage, Johnson becoming the mortgagor and the Leach-Frawley Company the mortgagee, and argues from this premise that as the possession of the trucks was delivered to the mortgagor and he was entitled to use them, and did use them, as his own, the law created an implied authority upon Johnson to incur the expense of keeping the property in a necessary state of repair during the period of the contract. Second—That, Johnson being the apparent owner of the property, and Crumley having dealt with him, as he had the right to do, as an owner, Crumley is entitled to the protection of a court of equity upon the maxim that where one of two innocent persons must suffer by the wrong of another, the one who enables such other to commit the wrong must bear the consequences. In view of the court's findings, we are precluded from substituting the conclusions of counsel for that of the court, and make a different finding.

4. As to the other branch of the case, we conclude that the court was correct in adjudging and decreeing Crumley to be the owner and entitled to the return of the tires and replacements, not so much, however, on the ground that both fair dealing and the law required the return of Mr. Crumley's property to him as upon the proper construction of the covenant in the sales contracts, whereby it is expressly provided:

"That any equipment, repairs, tires or accessories of any character placed upon said trucks during the continuance of said agreement shall be and become a component part thereof, and that the title thereto shall immediately become vested in the seller and be included under the terms of said agreements."

From this it is apparent that the seller itself regarded tires and replacements as being separable and severable distinct parts, and not accessions. The vendor recognized that the vendee might acquire a separate property interest in tires and replacements during the period of the contract; otherwise there would have been no necessity for the provision.

"Where the seller of an automobile under a contract of conditional sale retakes the automobile upon default of the buyer to keep the terms of the contract, he is entitled to any tires or other replacements which the purchaser placed on the machine while it was in his possession, provided the title to such parts passed to the purchaser when he acquired them." Berry, Automobiles (2d ed.) 793.

The lower court found Crumley to be the owner of the tires and replacements, and nothing is offered in opposition to this finding, other than the sale contract, to which Crumley was not a party.

We conclude that the judgment must be reduced, and the respondent have judgment for the sum of $816.40, less the sum of $339.40, making a total of $477.