[Civ. No. 4690. Third Appellate District.—March 2, 1933.]

MASONIC TEMPLE ASSOCIATION OF SACRAMENTO (a Corporation), Respondent, v. STOCKHOLDERS AUXILIARY CORPORATION (a Corporation), Appellant.

Louis Ferrari, C. H. White, Tobias J. Bricca and Mc-Laughlin & McLaughlin for Appellant.

Butler, Van Dyke, Desmond & Harris for Respondent.

THOMPSON, J.—Judgment was rendered in favor of the plaintiff for costs incurred in restoring to its original condition demised premises after the termination of a lease. The interior of the building which is situated on the leased premises was altered by the lessee pursuant to an agreement to restore the property to its original condition at the expiration of the lease. The appellant claims that the obligation to restore the premises is conditioned upon its exercise of an option to renew the lease for an additional five-year term. The option was not exercised. The appellant refused to restore the building. This suit depends upon the construction of the agreement under which the building was remodeled.

The plaintiff, a corporation, owns lot 5 and the east twenty feet of lot 6, in a block bounded by I and J and Eleventh and Twelfth Streets in Sacramento. September 11, 1923, the plaintiff executed a five-year lease of a portion of this lot, together with the building which is situated thereon, to the Bancitaly Corporation, for $150 rental per month, to be used for the purpose of conducting a banking business. This lease was immediately assigned to the defendant corporation. By written consent of the plaintiff, the interior of the building was radically altered by the appellant, at its expense, and occupied as a banking business during the entire term of the lease. The remodeling of the building included the installing of a concrete vault, toilets, sinks and radiators; the removal of partitions and a stairway; the laying of marble floors and the closing of two entrances into the building. The lease contains the usual provisions that all alterations of the building are to be made at the expense of the lessee and only with the written consent of the owner,

and that at the termination of the lease the premises shall be surrendered in as good condition as reasonable use thereof will permit. December 17, 1924, pursuant to the requirement of the original lease, the appellant secured a written authorization from the plaintiff to make certain alterations in the building. This instrument was termed an "option". In addition to authorizing the remodeling of the building, it granted the appellant the privilege of renewing its lease at the termination thereof for another five-year term upon conditions therein expressed. The chief purpose of the written document was apparently to secure a permit to remodel the interior of the building to adapt it to use as a banking business. Regarding the obligation for the cost of the alterations and the restoration of the building to its original condition at the termination of the lease this instrument provides that:

"It is agreed that in the event of the alteration or improvement of said premises by the lessee with the consent of the lessor, then all such expenses of alteration shall be paid and borne by the said lessee, the Stockholders Auxiliary Corporation; and upon termination of said lease the said premises shall be restored to the condition in which the same now are, at the option of said lessor or its successors in interest."

The option to renew the lease for an additional five-year term was not exercised by the appellant. At the end of the original five-year term of the lease, the possession of the property was surrendered and the lease was abandoned. The plaintiff demanded of the appellant restoration of the property to its original condition, which was refused. The plaintiff expended the sum of $4,802.02 in restoring the building to its original condition. Since the building was remodeled to adapt it to the use of a banking business, it became reasonably necessary to restore the interior in several material respects to make it rentable for ordinary purposes. This suit was instituted to recover the cost incurred in restoring the building to its original condition. The cause was tried upon a written stipulation of facts. Judgment was rendered in favor of the plaintiff. From this judgment the lessee has appealed.

The appellant contends it is not obligated to restore the building to its original condition since the written consent to

make the alterations was coupled with and dependent upon an option to renew the lease for an additional five-year term, which privilege to renew the lease was not exercised; that the option agreement was executed without consideration and that the alterations were a benefit and not a detriment to the property.

■ This appeal depends upon the construction of the written instrument, dated December 17, 1924, which authorizes the making of the alterations. In spite of the fact that this document is labeled an "option", it is apparently more than a mere option. In conformity with the terms of the lease, this written authorization for the alterations was procured. Without this written consent of the owner the changes in the building could not have been lawfully made. These alterations were allowed upon condition that "said premises shall be restored to the condition in which the same now is", at the expiration of the lease. The chief object of this written instrument was to obtain consent of the owner to make the changes in the building. A reading of the entire document impels this conclusion. The authorization for alterations is coupled with an option for the appellant to renew the lease for an additional five-year period of time upon terms which are therein specified. The instrument does not provide that the necessity of restoring the building to its original condition shall depend upon the exercise of the option to renew the lease. We are of the opinion the document may not reasonably be so construed. The option to renew the lease should be held to be separate and distinct from the authorization to make alterations in the building. This appears to have been the intention of the contracting parties. The mere fact that the instrument is designated an "option" is not necessarily controlling. The nature of the instrument must be determined by ascertaining the intention of the contracting parties from a consideration of the entire document. (22 Cal. Jur. 1097, sec. 147; *Lundy Furniture Co.* v. *White*, 128 Cal. 170 [60 Pac. 759, 760, 79 Am. St. Rep. 41].) In the case last cited it is said:

"The calling of this agreement a lease did not make it such. Reference is to be had to the instrument itself, to a reading and consideration of all its terms, conditions, and covenants, to determine its true character."

238

■ There was an adequate consideration for the execution of this agreement. The appellant enjoyed for the full term of its original lease the benefits of the use of the remodeled building which was thereby adapted to its special purpose of conducting therein a banking business. The benefits derived by the appellant from the remodeling of the building constitutes a sufficient consideration for the promise to restore the property to its original condition at the termination of the lease. Section 1605 of the Civil Code provides:

"Any benefits conferred, or agreed to be conferred, upon the promisor, by any other person, to which the promisor is not lawfully entitled, or any prejudice suffered, or agreed to be suffered, by such person, other than such as he is at the time of consent lawfully bound to suffer, as an inducement to the promisor, is a good consideration for a promise."

■ It is true that some of these changes in the building were a permanent benefit to the structure. It is reasonable to assume, however, that some of them became a detriment to the property, rendering it less desirable for ordinary business purposes. The closing of exits, the removal of partitions and other alterations which adapted the building to a banking business made it less suitable for other enterprises. In the absence of evidence to the contrary, we must assume it was reasonably necessary for the owners to expend the amount for which the judgment was awarded in restoring the property to its original condition.

The judgment is affirmed.

Pullen, P. J., and Plummer, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 1, 1933.