SHINN, J.
This is an appeal by defendants Commercial Discount Company, L. Clark Conner and R. S. Tatum from *788 a judgment entered against them after verdict, in an action for conversion of an auto truck body.
Commercial Discount Company (herein referred to as appellant), as assignee of Conner, held a conditional sales contract on a combined auto truck and trailer (hereinafter called the truck), sold to one de la Cuesta.
The contract was in the usual form of conditional sales contracts, and provided among other things that all parts, accessories and equipment added to the truck should be-, come a part thereof and belong to the vendor. De la Cuesta removed the body which was on the truck and built a new body thereon, securely bolted to the chassis, but removable without damage. He used the truck and body for several months, during which time he became indebted to respondent Dersch, in the sum of approximately $400. Dersch demanded payment of the account and de la Cuesta brought the truck to Dersch, had the latter remove the body and take it for the bill. There is some doubt whether title passed to Dersch under this agreement, inasmuch as there was also an agreement to resell to de la Cuesta, but it is not material whether Dersch became a purchaser or pledgee. We shall therefore take his construction of the Contract and assume that he was a purchaser.
De la Cuesta defaulted in payments under the conditional sales contract and appellant, Commercial Discount Company, repossessed the truck, and at a later date took possession of the truck body in a replevin action against Dersch. The latter thereupon sued and recovered damages, both compensatory and exemplary, for the taking, upon the theory that he was a purchaser of the body in good faith. Conner and Tatum were held liable because they took an active part in the repossession by the company.
At the request of respondent, the jury was instructed in substance that section 3440 of the Civil Code was applicable to the case, and that the claim of title of appellant was fraudulent and void as against a purchaser in good faith unless possession of the new body had been taken and retained by appellant. The evidence shows without conflict that after the body was built it remained in the possession of de la Cuesta until it was sold to respondent, and appellant makes no claim that it ever had possession thereof.
*789 In view of these admitted facts, the effect of the instruction complained of was to tell the jury that the provision of the contract, that added parts would belong to the vendor, was void as against respondent, provided he was a purchaser in good faith.
This instruction was given under a misapprehension of the scope of the section. The Supreme Court said in Cosby v. Cline, 186 Cal. 698 [200 Pac. 801] : “Section 3440, on which defendant relies, describes a certain variety of constructive fraud whereby a- transfer is declared to be fraudulent as a matter of law, regardless of the actual motives or intentions of the parties. Such a provision cannot be extended beyond its plain meaning nor be made to apply to cases which do not meet the conditions there described.” To apply the provisions of the section to the transaction in question would give them a meaning which, clearly, was never intended. The purpose of the provisions which are material here is to protect against fraud and deception arising out of secret transfers and ostensible ownership inferable from the fact of possession. The change of possession required is that which is usual and reasonably to be expected under the circumstances. The section by its terms excludes certain classes of property, actual delivery of which, by removal from one location to another, would be impracticable. The manifest purpose is to dispense with an actual change of possession where that would be unreasonably burdensome and where to require it would lead to absurd results.
Alterations in or additions to articles of personal property belonging to another do not constitute transfers of title within the meaning of the section. If the addition is of such a nature that the thing added cannot be removed without injury, title passes by accession and not by transfer. (Civ. Code, sec. 1025.) Even though the thing added is removable without injury, if it becomes a component part of that to which it is added, and if, by virtue of contract, title passes, the transaction has all the characteristics of a title acquired by accession. Such are the facts we have before us. Delivery of the truck body to appellant would have defeated the purpose of the parties not only in the construction of the body but in the sale of the truck as well. The possession retained by de la Cuesta was not *790 of the body as a separate piece of property but as a part of the truck itself. Appellant’s title was acquired not by purchase but by addition to that which it already owned. De la Cuesta had a right to possession of the whole. Respondent’s attempted purchase was of a part, only, of a truck belonging to appellant. We are not considering a purchase of the body as a separate unit, by one who had no knowledge that it was in use as a part of a motor vehicle. We are unable to see how the provisions of section 3440 can reasonably be applied to these facts. Certainly there can be found no language in the section which makes it applicable unless the transaction is one clearly included in the class of transfers intended to be regulated. We hold the reverse to be true and that the section does not relate to cases where personal property is altered or added to in such a manner that the parts added become and remain a part of the property itself. We conclude, therefore, that a transfer of possession to appellant was nonessential to the full protection of its title. It was error for the court to give the instruction.
The jury was also instructed as to the law of accession, as found in section 1025 of the Civil Code, but the instruction went further and declared in substance that the body could be lawfully removed if such removal could be accomplished without injury and that there was no law by which the body, under such circumstances, would belong to the owner of the truck.
This instruction ignored the right of the parties to contract with relation to such added parts. In effect it told the jury that the question of appellant’s title depended upon the removability of the body without injury, and that if it could be so removed it would belong to the vendee and not the vendor. No other instruction was given which gave any effect to the provision of the contract which reserved title in the vendor. All of the evidence on the subject was to the effect that the body could be removed without injury and the jury, in considering this evidence and in following the instruction, naturally would have concluded that it was lawful for de la Cuesta to remove and sell the truck body, notwithstanding the provisions of the contract. The giving of this instruction, without other instructions *791 giving recognition to the rights of the parties to contract as to the title, constituted error.
The more serious question is presented whether the attempted sale by de la Cuesta passed any title to respondent. He had only a conditional title to sell and that was in the truck as a whole. If his vendee acquired a better title it could only be because the tona fides of his purchase, coupled with some act or omission of the holder of the reserved title, precluded the latter from asserting his rights in opposition to those of the purchaser. We do not see how this could be true under the facts of the case as they are shown by the record.
When the truck was sold to de la Cuesta, it was with the understanding that it was not suitable for his purposes, namely, hauling cattle, and that he would have to rebuild the body or construct a new one. The vendor Conner knew that a new one was built and later saw it in use on the truck. He had no reason to anticipate that the alteration was not permanent or that it was the intention of de la Cuesta to remove the new body. He was not guilty of negligence in allowing de la Cuesta to retain possession of the body; he had no alternative, for de la Cuesta was entitled to possession. Appellant, as assignee of Conner, is in the same position. The body was a part of the truck from the time it was built until it was removed therefrom by respondent at the request of de la Cuesta, and the latter at no time had possession of the body except while it was a part of the truck. When respondent demanded payment of his bill, de la Cuesta surrendered the body to him, as heretofore stated, and later rented the body from respondent for ten dollars per month, the payments to continue until the debt was fully paid. The body was placed upon another truck, belonging to a third party, which was used by de la Cuesta. There was nothing in the rental transaction that would operate to impair such rights as Dersch had acquired as pledgee, or purchaser. Appellant had no knowledge of the removal or disposal of the body.
The rights of a vendor of property under a conditional sales contract, in so far as the same are here involved, are firmly established by the decisions. Appellant held the legal title and that title could be defeated only by acts or *792 circumstances rendering it inequitable to assert it against the claims of creditors or a subsequent purchaser in good faith. (Van Allen v. Francis, 123 Cal. 474 [56 Pac. 339] ; Lundy Finance Co. v. White, 128 Cal. 170 [60 Pac. 759, 79 Am. St. Rep. 41] ; Bice v. Harold L. Arnold, Inc., 75 Cal. App. 629 [243 Pac. 468].) Appellant was not negligent in allowing its property to remain in the possession of de la Cuesta in accordance with the terms of the contract, nor was it required to anticipate that he would remove the body and sell it. (Greene v. Carmichael, 24 Cal. App. 27 [140 Pac. 45]; Pacific Accept. Corp. v. Bank of Italy, 59 Cal. App. 76 [209 Pac. 1024].)
When it is shown that appellant, or its assignor, has not been guilty of any act or omission, nor responsible for any deceitful appearances which contributed to respondent’s act of purchase, the claim of estoppel is sufficiently answered. But the same conclusion is reached from a consideration of the acts of respondent preceding and connected with his acquiring possession of the property.
At the time the body was delivered to respondent, he was informed by de la Cuesta that he was being “pressed”; that he was having trouble with the finance company; that they were pressing him hard and taking all he had; that he could not pay the respondent’s bill, “on account of the finance company crippling him to a certain extent”. These statements gave respondent good reason to suspect that the truck was being purchased under contract held by the finance company. They were sufficient to require a considerably greater measure of caution and more diligent inquiry as to the title to the property than would have been required had the statements not been made. (Marker v. Williams, 39 Cal. App. 674 [179 Pac. 735].) Respondent, however, made no such inquiry. He testified that he had no information as to the provision of the contract reserving title to such parts as might be added to the truck and did not know of any adverse claims to the body, but he did not deny that he knew the truck was being purchased under a conditional sales contract, nor state that he believed de la Cuesta to be the owner thereof. It is somewhat significant that he was not questioned concerning the matter. He made no inquiry as to the right of de la Cuesta to re *793 move the body from the truck and sell it. It does not appear that he knew the body was newly built or that it was a different body from the one that was on the truck at the time of its purchase.
It was, of course, the duty of respondent, regardless of any circumstances arousing his suspicions, to make inquiry as to the state of the title to the property. The rule of caveat emptor applies.
It must be assumed that inquiry would have disclosed the fact that de la Cuesta had only a conditional title and could make no sale of the body apart from the truck, and that in no event could he convey clear title to either until he had paid out the contract in full.
Respondent was especially remiss in failing to make inquiry as to the title he sought to acquire, for the reason that he had ample warning that de la Cuesta was obligated to a finance company, with which he was having difficulty on account of his straitened financial circumstances. Respondent was not diligent; he acted voluntarily and his good faith does not excuse or overcome the results of his negligence. The use of the conditional sales contract has become common, if not customary, in the purchase of motor vehicles. Possession of such a vehicle, while some evidence of title, is far from sufficient to justify reliance thereon by a purchaser. (See cases cited, supra.)
We find in the foregoing facts no dereliction of duty upon the part of appellant, or its assignor Conner, no act which misled respondent or upon which he acted, and consequently no basis for the application of the doctrine of equitable estoppel against appellant. Upon the contrary, we believe it clearly appears that respondent’s present position is due solely to his imprudent purchase without even an attempt to ascertain the facts he should have known before he acted.
Respondent was awarded $400 actual and $1600 exemplary damages against Commercial Discount Company, Conner and Tatum. It is urged on behalf of each defendant that the evidence does not warrant an award of exemplary damages. Our conclusions expressed as to the insufficiency of the evidence to justify the verdict dispose of the entire case. As appellants had a right to take possession of the truck body, their motives in repossessing it *794 are not material, and they incurred no liability in taking what rightfully belonged to appellant Commercial Discount Company.
The judgment is reversed and the cause remanded for a new trial, appellants to recover costs of appeal.
Bishop, P. J., and Fox, J., concurred.
Rehearing denied.