## FIRESTONE SERVICE STORES, Inc., v. DARDEN et al.

### No. 9832.

Court of Civil Appeals of Texas. San Antonio.

May 6, 1936.

Rehearing Denied Aug. 12, 1936.

Bonham & Weller, of San Antonio, for appellant.

William Alter and Henry Castillo, both of San Antonio, for appellees.

MURRAY, Justice.

This cause was submitted in the county court at law No. 1 of Bexar county, upon the following agreed statement of facts:

"M. W. Darden, of Bexar County, Texas, on the 7th day of July, 1934 purchased from the Motor Sales Company, a partnership composed of Lester G. Fox and Milton Weinfield, one 1926 Packard Sedan, 1934, License No. 93,307, motor No. 87500-A, for the sum of $108.00, paying therefor $38.00 in cash and leaving a balance of $70.00, for which the said Darden executed to the Motor Sales Company a chattel mortgage on the automobile, complete with standard attachments, accessories and equipment. The chattel mortgage was duly filed of record with the County Clerk of Bexar County, Texas, on the 8th day of July, 1934, a copy of which mortgage is hereto attached and marked Exhibit 'A.'

"Thereafter, on or about the 15th of August, 1934, M. W. Darden drove to the Firestone Service Stores, Inc., in San Antonio, Bexar County, Texas, and purchased three automobile tires and tubes, size 600x23, being Firestone Heavy Duty Tires and tubes, bearing serial No. L-9630054U, L-964526U, and L-970041U. That at the time of the purchase of the tires and tubes and prior to the delivery of the same to M. W. Darden, a chattel mortgage lien was executed from M. W. Darden to the Firestone Service Stores, Inc., to secure a balance of $66.00 of the purchase price of said tires and tubes, a copy of said mortgage is hereto attached, marked Exhibit 'B.' That the chattel mortgage was filed of record with the County Clerk of Bexar County, Texas, on the 27th day of August, 1934; that the tires and tubes when purchased by M. W. Darden were placed on the Packard Sedan above described by the employees of the Firestone Service Stores, Inc., at the instance and

under the direction of M. W. Darden while the said Packard Sedan was still on the premises of and at the place of business of the Firestone Service Stores, Inc.; that the old tires and tubes were taken off said Packard Sedan Automobile by Firestone Service Stores, Inc.'s employees and were delivered by them to M. W. Darden.

"On or about the 15th day of October, 1934, the Motor Sales Company, upon default and in accordance with the terms of their chattel mortgage, repossessed said Packard Sedan automobile under its chattel mortgage and took possession of the same, including the tires and tubes covered by the Firestone Service Stores, Inc.'s mortgage, which tires and tubes were at the time on the wheels of said Packard automobile and constituted a part of the equipment thereof. The Firestone Service Stores, Inc., upon learning of this action of the Motor Sales Company, made demand in writing upon the latter for the tires and tubes, informing the Motor Sales Company of its transaction with Darden and claiming a chattel mortgage on the tires and tubes, superior to that of Motor Sales Company. The Motor Sales Company replied that its mortgage on the automobile included a mortgage on all of the equipment on said automobile and further claimed that Firestone Service Stores, Inc. had notice of the prior mortgage and that it had waived any superior right which it might have had as against the Motor Sales Company to said tires and tubes by removing the tires and tubes on said automobile and replacing them with the tires and tubes sold to Darden.

"That thereafter, Motor Sales Company, in compliance with the terms of its chattel mortgage, sold said automobile at public sale and did purchase the same, it being the highest bidder therefor; that the Packard Sedan automobile, including the tires and tubes claimed by the Firestone Service Stores, Inc., are now in the possession of the Motor Sales Company.

"That the tires and tubes are of the reasonable market value of $105.00 at the time of instituting this suit.

"Firestone Service Stores, Inc., as plaintiff, filed suit against M. W. Darden, defendant, in the Justice Court of Bexar County, Texas, to recover judgment for its debt and foreclosure of its chattel mortgage and for interest and attorney's fees, and made Lester G. Fox and Milton Weinfield, operating as the Motor Sales Company, co-defendants in said suit, seeking foreclosure of the mortgage upon said tires and tubes.

"M. W. Darden failed to appear or answer in said cause. Judgment by default was rendered against him and in favor of the plaintiffs, Firestone Service Stores, Inc., for its debt, interest and attorney's fees and for a foreclosure of its chattel mortgage upon the tires and tubes hereinabove described, and said court further entered judgment against Lester G. Fox and Milton Weinfield for the foreclosure of plaintiffs' chattel mortgage on said tires and tubes and for costs of suit; that the defendants, Lester G. Fox and Milton Weinfield, prosecuted an appeal to the County Court at Law No. One of Bexar County, Texas, May the 1st, A. D. 1935."

Upon this agreed statement the trial court entered judgment in favor of Firestone Service Stores, Inc., against M. W. Darden for the amount sued for and a foreclosure of its lien against the three tires, but denied a foreclosure as against Motor Sales Company, a partnership composed of Lester G. Fox and Milton Weinfield, from which judgment Firestone Service Stores, Inc., have prosecuted this appeal.

Appellant contends that it should have had a foreclosure also against Fox and Weinfield, in that its chattel mortgage on the tires securing the purchase price thereof was superior to the chattel mortgage taken by Motor Sales Company for the purchase price of the automobile.

It will be noted that appellee's chattel mortgage only covered the automobile and the standard attachments, accessories, and equipment delivered to M. W. Darden, and does not have any provision that such chattel mortgage shall include other accessories and equipment thereafter placed upon this automobile. Therefore the only theory on which appellees could contend that their mortgage extended to and included the tires purchased from appellant by Darden would be that the tires when placed upon the automobile became a part thereof as an accretion or accession thereto. These tires being easily identified by serial numbers, and being so attached that they are easily removed, without injury to the automobile, do not become a part of the automobile by the rule of accretion or accession. The case of Clark v. Wells, 45 Vt. 4, 12 Am.Rep. 187, is in point. In discussing whether

or not wheels and axles would become a part of a wagon by accretion, the court said:

"Plaintiff's [Clark] lien for repairs upon the wagon was personal, and was waived by allowing the wagon to go back into Harrington's possession, and taking his notes for the repairs and security upon the parts of the wagon supplied by himself. He must, therefore, stand upon the contract between himself and Harrington.

"We think the ordinary repairs upon a personal chattel, such as making new bolts, nuts, thills, and the like, become accretions to, and merge in, the principal thing, and become the property of the general owner. But in this case, the wheels and axles constitute the running part of the wagon. They could be followed, identified, severed without detriment to the wagon, and appropriated to other use without loss. The Plaintiff [Clark] was the owner, and never parted with the property. He had the right to resume possession when Harrington failed to pay the note. The property remained in him as perfectly as if, in the exigency of a broken wheel, or axle, he had loaned them for temporary use."

The Supreme Court of Arkansas in Motor Credit Co. v. Smith, 181 Ark. 127, 24 S.W.(2d) 974, 976, 68 A.L.R. 1239, said: "Therefore, as casings and inner tubes can be detached from an automobile without injury to its remaining parts, the seller of such will not be defeated in an action for their recovery or value, title having been retained by him, and default of payment of purchase price having been made the ground that these articles have been affixed by the purchaser in the proper place upon an automobile, also purchased by him under a like contract as were the parts, and that such automobile had been repossessed by its conditional seller."

See, also, Clarke v. Johnson, 43 Nev. 359, 187 P. 510; Tire Shop v. Peat, 115 Conn. 187, 161 A. 96; Bousquet v. Mack Motor Truck Company, 269 Mass. 200, 168 N.E. 800.

Appellee's mortgage did not attempt to cover after-acquired property, and therefore did not cover and fix a lien on the tires involved in the case at bar.

The fact that appellants did not forthwith file the mortgage on the tires for record as is required by article 5490, R.S. 1925, is of no consequence, as when it was filed, some twelve days late, it became a valid lien on the tires and was a subsisting unsatisfied and valid lien on the tires when the automobile was seized by appellees.

The trial court fell into error in not rendering a judgment of foreclosure against appellees.

Accordingly, the judgment of the trial court will be reversed, in so far as it denies a foreclosure against appellees, and judgment will be here rendered allowing a foreclosure against appellees Motor Sales Company and the partners composing the same, Lester G. Fox and Milton Weinfield.

The opinion heretofore delivered on May 6, 1936, as well as the judgment rendered thereon, will be set aside and said opinion withdrawn.