**STAR FINANCE CORPORATION et al. v. CHAIN INV. CO.**

No. 3762.

Court of Civil Appeals of Texas. Beaumont.

Dec. 19, 1940.

J. W. Stovall and Chas. Gibbs, both of San Angelo, for appellants.

Upton, Upton & Baker, of San Angelo, for appellee.

WALKER, Chief Justice.

On the 20th day of May, 1939, Phillip Cortese executed and delivered to C. M. Kenley his promissory note in the sum of $211.20, payable in Tom Green County in monthly installments of $17.60, with interest at 10% per annum from maturity, and with 15% additional as attorneys' fees. This note was secured by a chattel mortgage executed by Cortese to Kenley of even date with the note, on a 1932 Ford automobile. It was recited in the mortgage that it "is intended to cover all additions, equipment and betterments which may hereafter be added to said property." At the time of the execution of the mortgage, the automobile was fully equipped with four tires and tubes. On May 22, 1939, Kenley transferred and assigned this note and mortgage to appellee, Chain Investment Company, Inc. The mortgage was duly filed with the County Clerk of Tom Green County for the purpose of registration.

On the 8th day of July, 1939, on the consideration of $20 in cash and deferred payment to the amount to $45, appellant, Hicks Rubber Company, sold to Cortese four tires and tubes, identified by serial numbers; the unpaid purchase price was to be paid in ten semi-monthly payments of $4.50 each, beginning with August 1, 1939, secured by a chattel mortgage in the form of a note and a conditional sales contract. The conditional sales contract stipulated that the four tires and tubes should be affixed to the Cortese Ford car, and it was recited therein that appellee held against the car the mortgage above described; the conditional sales contract also constituted a mortgage on the Cortese car. This sales contract was duly filed with the County Clerk of Tom Green County for the purpose of registration.

Immediately on completion of the sale of the tires and tubes, they were affixed on the wheels of the Cortese car by appellant, Hicks Rubber Company. The old tires and tubes were taken off the automobile, but were not traded to Hicks Rubber Company.

The conditional sales contract was transferred by appellant, Hicks Rubber Company, to appellant Star Finance Corporation. At the time of the sale of the tires and tubes, appellant, Hicks Rubber Company, had actual and constructive notice of

all the conditions and stipulations of the Cortese mortgage to Kenley.

On the 12th day of August, 1939, appellant, the Star Finance Corporation, sued Phillip Cortese and Kenley in Justice Court in McLennan County, praying for judgment for the balance due on the sales contract and for foreclosure of its chattel mortgage on the tires and tubes. On writ of sequestration, the tires and tubes were seized in Tom Green County, and removed from the Cortese car.

On the 19th of August, 1939, appellee, Chain Investment Company, Inc., filed this suit in the County Court of Tom Green County against Cortese and Kenley, the two appellants, and certain other parties, praying for judgment for the balance due on its note and for foreclosure of its mortgage lien on the Cortese automobile, together with all its equipment, including the four tires and tubes sold Cortese by appellant, Hicks Rubber Company. Pending the trial of the case on its merits, a temporary injunction issued, restraining appellants from removing the tires and tubes out of Tom Green County.

At the time this case was tried, the amount due on appellee's demand against Cortese and Kenley was $247.45; the amount due Star Finance Corporation on its demand against Cortese for the balance due on the tires and tubes was $51.75, which had been reduced to judgment in the McLennan County Justice Court with foreclosure on the conditional sales contract as mortgage. At the time of the trial, the automobile was of the reasonable market value of one hundred dollars, and the four tires and tubes were of the reasonable market value of $45.

In the trial court, by their answers, appellants simply made the issue that their mortgage, evidenced by their conditional sales contract, was superior to appellee's chattel mortgage. On trial to the court without a jury, judgment was in favor of appellee, Chain Investment Company, against Cortese and Kenley for the unpaid balance of its note, with foreclosure of its chattel mortgage lien against the Cortese automobile with all of its equipment including the four tires and tubes in issue, and that its lien on the four tires and tubes was superior to appellants' lien; the injunction restraining appellants from removing the tires and tubes out of Tom Green County was made permanent. Judgment was in favor of appellants, foreclosing their lien subject to appellee's lien. Appellants prosecuted their appeal to the Austin Court of Civil Appeals. The case is on our docket by order of transfer by the Supreme Court.

## Opinion

The court erred in decreeing that appellee's lien on the four tires and tubes was superior to appellants' lien. This very point was before the San Antonio Court of Civil Appeals in Firestone Service Stores, Inc., v. Darden, et al., 96 S.W.2d 316, 317; the court said: "These tires being easily identified by serial numbers, and being so attached that they are easily removed, without injury to the automobile, do not become a part of the automobile by the rule of accretion or accession."

In Richardson v. Washington, 88 Tex. 339, 31 S.W. 614, our Supreme Court held, Judge Denman writing the opinion, that a chattel mortgage covering after-acquired property creates no lien at law, though recognizing that it may constitute a valid lien in equity. The courts hold that equity will not function to work an injustice to third persons.

It would cause a gross injustice to appellants in this case to declare appellee's lien superior to appellants' lien. Appellants did not take in exchange the old tires they removed from the Cortese automobile. Appellee alleged that these tires were in good condition, and it is bound by that allegation. There is nothing in the record suggesting that these tires, in good condition, were not in the possession of Cortese and subject to appellee's demand at the time this suit was filed. There is nothing in the record denying the conclusion that Cortese used two sets of tires in operating his automobile, alternating in their use. The record rather confirms that conclusion in this: Cortese bought the four tires and tubes on the 9th day of July, 1939, on the consideration of $65. This case was tried in County Court on the 29th day of February, 1940, at which time the court found in its fact conclusions, that the four tires and tubes had a market value of $45. The Cortese automobile was a Ford pick-up truck.

The following additional authorities support our conclusion: Hamilton National Bank v. Harris, Tex.Civ.App., 260 S.W. 318; Bowen v. Lansing Wagon Works, 91 Tex. 385, 43 S.W. 872; Park v. South Bend Chilled Plow Company, Tex.Civ.App., 199 S.W. 843; Motor Credit Co. v. Smith,

181 Ark. 127, 24 S.W.2d 974, 68 A.L.R. 1239; Goodrich Silvertown Stores v. Credit System, 200 Minn. 265, 274 N.W. 172; Clarke v. Johnson, et al., 43 Nev. 359, 187 P. 510; Bousquet v. Mack Motor Truck Co., 269 Mass. 200, 168 N.E. 800; Clark v. Wells, 45 Vt. 4, 12 Am.Rep. 187; and New Orleans & O. Railway Company v. Mellen, 12 Wall. 362, 20 L.Ed. 434.

It follows that the judgment of the lower court in favor of appellee should be reformed by dissolving the injunction restraining appellants from removing the four tires and tubes out of Tom Green County. Also, the judgment of the lower court decreeing that appellee's lien on the tires is superior to appellants' lien should be reversed and judgment here rendered in favor of appellants decreeing their lien superior to appellee's lien.

Judgment of the lower court affirmed in part and reversed and rendered in part.

Affirmed in part; reversed and rendered in part.