**MACK TRUCKS, INC., Appellant,**

v.

**DAL–TEX TIRE SERVICE, INC., Appellee.**

**No. 16006.**

Court of Civil Appeals of Texas.

Dallas.

April 27, 1962.

Ivan Irwin, Sr., Dallas, for appellant.

James S. Mahon, Dallas, for appellee.

DIXON, Chief Justice.

This case presents a question of priority between two chattel mortgages.

The parties have agreed on a stipulation of the facts. On August 31, 1957, appellant, Mack Trucks, Inc., sold to James E. Walker of Dallas County a Mack Tractor for a consideration of $13,369.00. After the application of a down payment there remained an unpaid balance of $12,792.52 payable in monthly installments over a period of 36 months of $355.32 each.

At the time of the sale Walker executed an application for a Certificate of Title pursuant to Art. 1436–1, Vernon's Ann. Penal Code. He also executed a chattel mortgage to secure payment of the balance due. A Certificate of Title was issued to Walker by the Texas Highway Department, which Certificate refers to appellant's lien. The chattel mortgage was filed for record in Dallas County by Mack Trucks, Inc. on September 12, 1957.

The chattel mortgage contained these two provisions:

"Truck complete with cab and chassis and all added and/or substituted appurtenances and equipment."

In the body of the mortgage, the following provision is to be found:

"Any equipment, repairs or accessories placed upon said property during the life of this mortgage shall become component parts of said property and be subject to this mortgage."

During the life of the above mortgage and on June 6, 1959 appellee Dal-Tex Tire Service, Inc. sold to James E. Walker four truck tires and tubes. The new tires and tubes were mounted on the tractor which was already mortgaged to appellant. The old tires and tubes were removed. Appellee took title to the old tires and tubes, allowing Walker a credit of $160 on the purchase price of the new tires and tubes. It is agreed that $160 was the reasonable value of the old tires and tubes at the time appellee took possession of them. To secure payment to appellee of the balance due Walker executed a chattel mortgage on the new tires and tubes. This chattel mortgage was recorded in Dallas County by appellee on August 7, 1959.

At the time appellee filed its mortgage for record Walker was in default on his payment to appellant on the Mack Tractor. Sometime in September 1959 appellant peacefully repossessed the tractor which at the time was equipped with the new tires and tubes appellee had sold to Walker. Following notice by registered mail a sale of the tractor was held September 28, 1959 pursuant to the terms of appellant's chattel mortgage. The tractor was bought by appellant, and Walker's indebtedness to appellant was duly credited. But there remained after said credit a deficiency indebtedness of $1,000 still due appellant.

At the time appellant repossessed the tractor there was an unpaid balance due ap-

pellee of $373.24 on the new tires and tubes appellee had sold to Walker. This amount is the agreed value of the tires and tubes.

Demand was made on appellant by appellee for the mortgaged tires and tubes. Appellant refused. Appellee filed suit. Judgment was rendered for appellee for $213,24, the agreed value of the tires and tubes less the credit of $160.

Meantime the new tires and tubes by agreement of the parties have been placed in storage to await the outcome of this litigation.

## OPINION

Art. 1436–1, § 1a, of our Penal Code expressly provides that the Certificate of Title Act shall not apply to the filing or recording of a lien created only upon tires, batteries, or other automobile accessories. Therefore the Certificate of Title issued to Walker cannot be considered a material factor in this case. The only question before us is whether appellee's later dated and recorded chattel mortgage on the tires and tubes alone is superior to appellant's earlier dated and recorded chattel mortgage on the whole tractor, including the tires and tubes which appellee had sold to Walker.

Appellant contends that its lien is superior to that of appellee, therefore the judgment of the trial court should be reversed on appeal and judgment rendered for appellant. Appellee has not filed a brief.

We have not been cited to and we know of no Texas case exactly in point. The two Texas cases which come nearest to the point are Firestone Service Stores v. Darden, Tex.Civ.App., 96 S.W.2d 316, no writ history; and Star Finance Corp. v. Chain Investment Co., Tex.Civ.App., 146 S.W.2d 291.

In Firestone Service Stores v. Darden, supra, it was held that the tire company's later lien on new tires was superior to the

motor company's claim to said tires by reason of its mortgage on the whole automobile. However, the court was careful to point out that the motor company's mortgage covered only the automobile and the standard attachments. It did not include a provision that the motor company's mortgage covered other accessories and equipment thereafter placed upon the automobile. The court then held that the tires being easily identified by serial numbers, and being so attached that they were easily removed without injury to the automobile, did not become a part of the automobile by the rule of accretion or accession, citing Clark v. Wells, 45 Vt. 4, 12 Am.Rep. 187.

In Star Finance Corp. v. Chain Investment Co., supra, the court also decided the issue in favor of the tire company and its mortgage. But again the facts differ from the facts in the instant case. In the cited case the old tires were not traded to the tire company. The automobile owner retained possession of the old tires. Apparently he used the new tires and the old tires alternately on his automobile. Thus there were times when the new tires were not attached to the automobile.

Appellant frankly states that authorities in other jurisdictions are divided on the question. Cases which tend to support appellant's view are: Lincoln Bank & Trust Co. v. Netter, 253 S.W.2d 260 (Ky.); Matthews v. Couie, 35 So.2d 794 (La.App.); Dersch v. Thomas, 138 Cal.App.Supp. 785, 30 P.2d 630; and Twin City Motor Co. v. Rouzer Motor Co., 197 N.C. 371, 148 S.E. 461.

Cases which appellant admits hold to the contrary are: Bousquet v. Mack Motor Truck Co., 269 Mass. 200, 168 N.E. 800; Clarke v. Johnson, 43 Nev. 359, 187 P. 510; and Franklin Service Stations v. Sterling Motor Co., 50 R.I. 336, 147 A. 754.

A discussion of the question with authorities cited will also be found in 1 C.J.S. Accession § 4, pp., 415, 417; and 14 C.J.S. Chattel Mortgages §§ 118, 120, pp., 727–729.

Some of the cases apparently turn on the question whether title to the added accessories remains in the seller of the accessories under the terms of a conditional sales contract. If so, the added accessories, though placed on the automobile, are subject to the claim of the seller of the said accessories in preference to the mortgage held by the seller of the automobile.

In the instant case we are of the opinion that the mortgage of appellant includes the new tires and tubes subsequently sold by appellee and mounted on the tractor. The terms of the mortgage so provide, being in that particular unlike the mortgage in the Firestone Service Stores case above cited. The mortgage was recorded, so constituted constructive notice to appellee. In Texas a conditional sales contract is only a mortgage. Art. 5489, Vernon's Ann.Civ. St.; 12 Tex.Jur.2d pp. 8, 39. Therefore, legal title to the new tires and tubes after their purchase passed to Walker. Title was not retained by appellee. Fourmentin v. Scott, Tex.Civ.App., 216 S.W. 901; Stephens v. Cox, Tex.Civ.App., 255 S.W. 241; Barton v. Lary, Tex.Civ.App., 283 S.W. 920. Appellee accepted title and possession from Walker of the old tires and tubes, allowing Walker a credit of $160 on the purchase price of the new tires and tubes. These new tires and tubes were mounted on the tractor in place of the old tires and tubes which were subject to appellant's general mortgage on the whole tractor. We hold that under the particular circumstances of this case the mortgage of appellant on the tires and tubes in question was superior to that of appellee. It follows that appellant's foreclosure of its mortgage and its purchase of the mortgaged property at the foreclosure sale vested good title to the tires and tubes in appellant.

The judgment of the trial court is reversed and judgment is here rendered for appellant for title and possession of the tires and tubes in question.

Reversed and rendered.